## Chilton v. Carbondale, Appellant.

160      463
26 SC ²241

*Negligence—Municipalities—Defective street—Contributory negligence—Previous knowledge of defect—Presumption.*

In an action against a city to recover damages for personal injuries it is proper to submit the question of defendant's negligence to the jury where the evidence tends to show that the stones at the crossing at which plaintiff was injured were in a slanting position and projecting one above another, and had been permitted to remain so for several months.

The question of plaintiff's contributory negligence should be submitted to the jury where there is evidence that she knew of the condition of the crossing three weeks before the accident, and that she also knew of another and safer route to her destination.

Argued Feb. 20, 1894. Appeal, No. 176, July T., 1893, by defendant, from judgment of C. P. Lackawanna Co., April T., 1890, No. 292, on verdict for plaintiffs, Joseph Chilton and wife. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before P. P. SMITH, J.

At the trial it appeared that, on Nov. 22, 1889, between seven and eight o'clock in the evening, plaintiff fell and injured herself at the crossing of Main street and Eighth avenue in the city of Carbondale. There was evidence that the stones of the crossing were in a slanting position, one of them projecting four or five inches above the level, and that they had been in this

condition for several months, and that at the time of the accident they were covered with mud. There was also evidence that about three weeks before the accident plaintiff knew of the dangerous character of the crossing, and she also knew that there was another and safer, though longer, route to her destination.

Defendant's points were among others as follows :

"1. That the knowledge of the plaintiff of the existence of the condition of the crossing for more than three weeks prior to the date of the accident is contributory negligence on her part, and will prevent a recovery by her in this action. *Answer :* That point is refused. It brings up, however, an important question for your consideration in this case, and I will deal with that at this time. Bearing on the question of the contributory negligence of the plaintiff, the fact is brought out that she had, three weeks prior to the injury which she claims to have received, actual personal knowledge of the existence of the dangerous condition of this crossing. It is also shown that, on the evening, and within an hour of the time she claims to have been injured, she knew of another and safe route over which she might pass to and from her home, including the meat market, the first place she visited. In that connection you are to recall and consider whatever evidence has been adduced in the case touching the question of her knowledge, or want of it, three weeks prior to this injury. Was she justified in presuming that, after the lapse of three weeks, the defect or obstruction at the crossing where she was injured was removed? It is the duty of municipalities to repair defects in highways. The presumption is that they do their duty, and the presumption would be, in this case, that if such reasonable time had elapsed for the municipality to have had notice of the defect, it did its duty in this respect, in repairing the defect or removing the obstruction alleged to have existed at this crossing. And yet, however, I submit to you, for you to find and determine, whether the plaintiff, having knowledge of the existence of this defect for three weeks prior, and for three weeks prior to that time, I submit for you to determine whether she was justified in presuming that the obstruction had been removed, and going over the crossing in the manner that she did. If you find that from her knowledge of the situation there prior to the accident, that

she ought to have remembered the dangerous condition of the crossing, that it would have been reasonable for her to have done so, and negligence in her not to have done so, then by reason of that she could not recover in this case. If you find, from all the evidence in the case, that it was but reasonable in her to have presumed that the obstruction or defect, which she had known to exist, had been corrected or removed, then, the other elements existing, she might, notwithstanding the fact that she had prior knowledge of the existence of this obstruction, recover in this action." [1]

" 2. That the fact that the plaintiff knew of the defective crossing, and that there was a safe way by which she could have gone home, and over which she had actually passed on the evening of the accident, and within about one hour of the same, and before the same took place, will prevent a recovery by her in this action.". Refused. [2]

5. Request for binding instruction. Refused. [3]

Verdict and judgment for plaintiff for $1,600.

*Errors assigned* were (1–3) instructions, quoting them.

*James E. Burr, R. D. Stuart* with him, for appellant, cited: Allegheny v. Zimmerman, 95 Pa. 295; West Mahanoy v. Watson, 112 Pa. 578; Township v. Phillips, 122 Pa. 610; Woods v. Lloyd, 1 Mona. 254.

*C. Smith,* for appellee, cited: Robb v. Boro., 137 Pa. 42; Township v. Gibbons, 18 W. N. 334; Borough v. Neff, 102 Pa. 478; Millcreek v. Perry, 20 W. N. 359; City v. Lotz, 114 Pa. 238; City v. Magill, 101 Pa. 616; Steamship v. Landreth, 108 Pa. 264; Scott v. Shepherd, 2 W. Bl. 892; Thomas v. Winchester, 2 Seld. 406; R. R. v. Kerr, 62 Pa. 356; Hoag v. R. R., 85 Pa. 294; Ins. Co. v. Trans. Co., 12 Wal. 94; Jex v. Straus, 122 N. Y. 301; Township v. Phillips, 122 Pa. 610.

PER CURIAM, March 26, 1894:

We see no error in this case that requires us to reverse the judgment. The question of the plaintiff's contributory negligence, upon the evidence, was one for the jury. It was submitted in a charge that was both fair and adequate, and the

jury has found that she was not guilty of negligence that contributed in any degree to the injury of which she complains. Whether their conclusion is correct is not for us to consider. The question was for them, and it was properly left to them.

The judgment is affirmed.