# David Wellman *v.* Borough of Susquehanna Depot, Appellant.

*Negligence—Borough—Road—Imperfectly guarded embankment.*

In an action against a borough to recover damages for personal injuries caused by the horse which plaintiff was driving taking fright at a locomotive and running over an embankment, the question of defendant's negligence is for the jury where the evidence tends to show that at the place where the accident occurred there was a steep perpendicular bank at the side of the road, extending about twenty-eight feet above the railroad tracks below, and about fifty-six feet distant from the tracks, and that there were no guards or barriers along the road.

Where there is evidence that if plaintiff had gone a short distance out of his way, he could have traveled to his home by a road which he knew to be safe, while he knew that the road which he did take was a dangerous one, the question of plaintiff's contributory negligence was for the jury.

Argued March 19, 1895.   Appeal, No. 41, July T., 1894, by defendant, from judgment of C. P. Susquehanna Co., Nov. T., 1891, No. 139, on verdict for plaintiff.   Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.   Affirmed.

Trespass for personal injuries.   Before SEARLE, P. J.

At the trial it appeared that on July 22, 1891, plaintiff was traveling in a wagon in the borough of Susquehanna Depot to his home in New Milford township.   While still in the borough at a point on Front street near a railroad station the horse which he was driving plunged over a steep bank at the side of the road dragging the wagon with him, and seriously injuring plaintiff.   At the place where the accident occurred, the road-bed was smooth, level, and twenty feet wide; it was twenty-eight feet higher than the railroad, and fifty-six feet distant therefrom—a steep embankment intervening.   There were no guards or barriers along the road.

The defendant offered evidence which tended to show that there was another road which was perfectly safe, and which the plaintiff, by only going out of his way about two hundred and twenty-five feet, could have used on his journey home; that plaintiff knew that this road was a safe one, while he testified that he had always considered the other one dangerous. There was also some evidence that it was an attack of blind staggers, and not fright from cars, which caused the horse to plunge over the bank.

The court charged in part as follows:

"It is claimed by the plaintiff in this case that at the time that he passed over this road, the road at the point where he went off the bank was defective by reason of not having barriers erected upon the sides of the embankment. It appears from the uncontradicted evidence in this case that at the point where he went over the bank the road is between twenty-eight and twenty-nine feet perpendicularly from the level of the railroad tracks below, and between fifty and sixty feet length of grade from the edge of the embankment to the edge of the track, and that along the bottom of that embankment there are several tracks of the New York, Lake Erie & Western Railroad, a part of which are the yard tracks at the station of Susquehanna, upon which engines and cars are frequently passing and repassing, and that by reason of this passing and repassing of the locomotives and cars, all horses are liable to become frightened at the cars, either by the escape of steam or the blowing of the whistle or the rumbling of the cars or the smoke; and that in view of this situation of the road, the high bank and its being adjacent to this railroad with these objects of fright, that it was the duty of the borough authorities to use all reasonable care to protect that road from the effects of frights occasioned to horses and teams by those causes. Ordinarily, the supervisors of a township or the borough authorities have completed their duty when they make a safe roadbed, level, smooth and broad enough for ordinary travel. But when there are objects adjacent to the road calculated to produce fright, and danger to travelers upon it, then the question arises whether it is not their duty, under such circumstances, to go further and provide preventives from accidents by reason of such dangers. And the Supreme Court have held that in such cases it is a question of

fact for the jury to determine, from all the circumstances of the case, the proximity of the dangerous objects, etc., whether it was the duty of the authorities in the exercise of ordinary care to provide such protection for the traveling public over the road. The plaintiff claims that the authorities were negligent in not providing and erecting barriers along the edge of this road, so that in case a horse was frightened he would not run off the bank.

" The first question for you to pass upon is the question of the negligence of the borough. That, under all the evidence, is for you. If it was their duty under such circumstances to provide such barriers, and they did not, then the officers of the borough were negligent and the borough was negligent and liable for accidents that occurred by reason of its negligence. But if you shall find from the facts in this case that there was no negligence in the borough of Susquehanna in not providing barriers there, then you will find for the defendant, and that would be the end of this case; because all that the borough is held responsible for is for the ordinary care required in the protection of the road under the circumstances of the case.

" The plaintiff claims that this horse took fright in going along there from the trains upon the railroad, the whistle, the escape of steam and smoke. The defendant denies this, and claims that the horse was not frightened at the railroad or the steam or the smoke. That the horse was subject to blind staggers, or sickness of the stomach, and became unmanageable by reason of such sickness and plunged off the bank. Now, the borough authorities are responsible in providing for only such dangers as might be reasonably foreseen, and they would not be responsible for injuries that occurred by reason of a horse being taken with the blind staggers and becoming unmanageable and plunging over the side of the bank, although they may have been negligent in not erecting barriers at that point. You will remember all the evidence in relation to this question of the sickness of the horse, and dispose of that question in the light of all its surrounding circumstances. If the accident was caused by this intervening cause—the sickness of the horse—which the borough authorities could not have foreseen, they would not be responsible for it. But if you shall find that the plaintiff in this case himself was free from contributory negligence—

that under all the circumstances, as we have instructed you with regard to contributory negligence, he was free from any contributory negligence on his part—and that the horse took fright from this car or the engine and plunged down this bank and that the borough was guilty of negligence in not having erected barriers suitable to protect it from accidents of such a nature, then the plaintiff would be entitled to recover compensation for such injuries as he has received.

The counsel for the plaintiff have submitted certain points in writing, requesting us to charge you as follows:

"1. It is the duty of a borough to keep its streets or highways in a safe condition for public travel; and if it neglects that duty, and a person is injured in consequence of such neglect, and without any act of his own, or any negligence on his part in any manner contributory to the injury, then the borough is liable to the party injured for such damages as he may have sustained in consequence of the negligence of the borough. *Answer:* That is affirmed." [4]

Defendant's points were among others as follows:

"Under all the circumstances and the evidence in this case the verdict must be for the defendant. *Answer:* That is refused." [1]

"5. One who undertakes to use a public road, knowing that it is unsafe and knowing the defects which make it so, but not choosing to avoid them, although he could do so by taking another road, cannot recover against a township or borough for an injury resulting from such defects. *Answer:* This is affirmed, provided the person knew of the safe road." [3]

"6. It appearing from the evidence of the plaintiff and all his witnesses that the road or place where the accident occurred was unsafe and dangerous at the time of the accident, and had been for a long time before, and that the plaintiff knew its condition, both before and at the time of the accident; and it appearing from the evidence that the plaintiff knew there was another and safer road to the place of his destination, which he might have taken without material delay or inconvenience, and traveled over with greater safety, he should have taken the safer road, and when he did not he assumed and took upon himself the risks encountered on the dangerous road, and was therefore guilty of contributory negligence, which must defeat

a recovery in this action, and the verdict must be for the defendant. *Answer :* This asks us to take the case from the jury, and is refused." [2]

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were, (1–4) above instructions, quoting them; (5) that the court erred in the general charge by giving undue prominence to plaintiff's evidence of negligence and in overlooking and making but slight mention of the evidence on the part of the defendant relating to the contributory negligence of the plaintiff.

*G. P. Little* and *R. J. Manning*, *R. B. Little* with them, for appellant, cited, on the question of contributory negligence: Forks Twp. v. King, 84 Pa. 230 ; Pittsburg Southern R. R. v. Taylor, 104 Pa. 306 ; Winner v. Oakland Twp., 158 Pa. 405 ; D. L. & W. R. R. v. Cadow, 120 Pa. 559 ; Haven v. Pittsburg and Allegheny Bridge Co., 151 Pa. 620 ; Hill v. Twp. of Tionesta, 146 Pa. 11 ; Erie v. Magill, 101 Pa. 616 ; Robb v. Connellsville Borough, 137 Pa. 42 ; Twp. of Crescent v. Anderson, 114 Pa. 643 ; Brendlinger v. New Hanover Twp., 148 Pa. 93 ; West Mahanoy v. Watson, 112 Pa. 574 ; Bunting v. Hogsett, 139 Pa. 363.

Cited, on the question of defendant's negligence: Finnigan v. Township, 163 Pa. 138 ; New York, Lake Erie & West. R. R. v. Enches, 127 Pa. 316 ; Schwenk v. Kehler, 122 Pa. 67 ; Citizens Pass. Ry. v. Ketcham, 122 Pa. 228 ; Penna. Ry. v. Berry, 68 Pa. 272 ; Mut. Fire Ins. Co. v. Rosenberger, 3 W. N. C. 16 ; Fawcett v. Fawcett, 95 Pa. 376 ; Bisbing v. Third Nat. Bank, 93 Pa. 79 ; Peirson v. Duncan, 162 Pa. 187 ; Benscoter v. Long, 157 Pa. 223.

*McCollum & Smith*, for appellee, were not heard, but cited in their printed brief on the question of contributory negligence: Kohler v. R. R., 135 Pa. 346 ; Fisher v. Ry., 131 Pa. 297 ; Corbalis v. Newberry Twp., 132 Pa. 15 ; Abraham v. Mitchell, 112 Pa. 232 ; Delaware R. R. v. Jones, 128 Pa. 314 ; Ely v. Ry., 158 Pa. 233.

On the question of defendant's negligence: Hey v. Phila-

delphia, 81 Pa. 49 ; Township of Newlin v. Davis, 77 Pa. 321 ; Finnegan v. Township, 163 Pa. 135 ; Burrell Twp. v. Uncapher, 117 Pa. 364 ; Plymouth Twp. v. Graver, 125 Pa. 34.

PER CURIAM, April 1, 1895:

It is not alleged that there was any error in the admission or rejection of evidence. In view of the testimony properly before the jury, the case involved the questions of defendant's negligence and the alleged contributory negligence of the plaintiff. Both of these controlling questions of fact were for the exclusive consideration of the jury, and to them they were fairly submitted in a clear, concise and fully adequate charge, to which no just exception can be taken. The verdict in favor of plaintiff is necessarily predicated of a finding, in his favor, of every material fact. The record discloses no error that would justify us in disturbing the verdict. There is nothing in either of the specifications of error that requires special comment.

The case was ably and correctly tried, and the judgment is affirmed.