| 183        213|
| 25 SC   448|

## Mollie Woelfel *v.* Federal Street and Pleasant Valley Passenger Railway Company, Appellant.

*Negligence—Street railways—Collision with wagon.*

In an action against a street railway company to recover damages for the death of the driver of a wagon, the case is for the jury where the evidence for the plaintiff tends to show that the deceased was driving a wagon on a street railway track, and that the motorman of the car which struck the wagon from behind saw the wagon, or could have seen it, within a time sufficient to have stopped the car before it came in contact with the wagon.

Argued Oct. 26, 1897. Appeal, No. 61, Oct. T., 1897, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1896, No. 682, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before STOWE, P. J.

The facts appear by the charge of the court which was as follows:

The plaintiff alleges that the wagon of Mr. Woelfel was driving down on the right hand track of this railway as you come to Pittsburg; that it had been there for quite a considerable time previous to the accident, driving along in the ordi-

nary and proper way, so far as the deceased was concerned, upon that track. He had a right to be there, just as much a right to be there as the defendant's cars had a right to be there, but when it came to a question between the two as to who should have the right of way, the law is well settled that the car has the right of way, and for the simple reason that the car must run in a fixed track, it cannot go out of that groove without danger of getting into mischief, while there is no difficulty in a man's driving his wagon (if the roads are in the condition they ought to be) off the track, and giving the right of passage to the car. But he was there, as I say, exercising a right; the car coming up behind him was in duty bound to give him notice, and the ordinary and proper way for them to do that is by ringing the bell. If no notice is taken of the ringing of the bell, particularly where the driver is in an enclosed wagon, so that he cannot see back by looking through the wagon, and may not hear, as he may not readily hear, being in an enclosed wagon of that kind, it is the duty of the one in charge of the car to watch, and watch carefully and closely, to see whether or not the party ahead of him may probably hear. The only way he can judge of that is by watching the man's movements to see whether he is likely to get off the track, and if he does not see something indicating a disposition or a movement on the part of the one ahead to get off the track, it is his duty to slow up. If that is not sufficient it is his duty to stop, at least to such an extent as not to come into any collision with the vehicle ahead in a way to do any damage either to the persons in it or to the property itself. If the party in the wagon by an absolute refusal to get off the track violates the law, there is a remedy for that, but the remedy is not to run him down and break his vehicle, whether light or heavy. If anybody attempts to do that, or through carelessness in running the car when he ought to have stopped, damage is done either to the man or to the vehicle without more, the defendant would be guilty of negligence and would be responsible for whatever damage is done.

That is the general theory upon which the plaintiff, as I understand it, bases her case. She claims this vehicle was upon the track upon which the car was coming; that it was there for a considerable time before they came near each other; that

it was in daylight, so that the conductor could see through his car, and that rushing on, not madly, but rapidly, may be not at full speed, but, as she claims, more rapidly than usual, while ringing his bell, and while there was no apparent indication of the party trying to get off the track, they came in collision with him and did the mischief for which complaint is made in this case. If that is the case then, so far as the evidence shows, the conductor could see this wagon in advance, not twenty, sixty, nor one hundred feet, but a very considerable distance, entirely sufficient to have enabled him to slow up and perhaps prevent the accident. That, of course, is a fact for you to determine; but it seems to me very clear that if the evidence on the part of the plaintiff is believed, so far as that circumstance is concerned, it indicates that if he was upon the same track, the motorman could have seen him a sufficient distance to have stopped the car, because it could have been stopped in thirty, forty, sixty or one hundred feet at the farthest. That being the case, it was his duty to see the wagon, it was his duty to watch the wagon, and it was his duty to slow up the car and avoid collision if he could do it. If the evidence would satisfy the jury that he could not do this from the time that he had knowledge that the wagon was upon the track, then, of course, he has done his duty, and would not be responsible. But if the jury believe that he did see the wagon, or could have seen it, within a reasonable time, sufficient to have stopped the car before it came in contact with the wagon, then the company is undoubtedly liable, because even if he, Mr. Woelfel, did hear the car and obstinately refused to get off the track, it did not justify the motorman in running on and endangering life and property.

That is the ground upon which the plaintiff puts his case. But the defendant puts it upon a different ground, and that raises a different principle. If Mr. Woelfel was upon the track parallel with the one upon which the car was running, that is the left hand track coming to town, where he had a right to be if he chose, and it would be very proper for him to be there if he apprehended a car coming behind him, so that it might not run into him, and he came along there and, as he approached the bridge, or was about going upon it, he discovered upon the bridge, or coming from the other side, a car upon the track upon which he was, and to avoid collision,

in case the car came on, he found it proper and necessary to turn over on the other track, he had a right to do so; but in doing so, being bound to apprehend that a car might be coming the same way he was going, it was his duty to look out and see whether there was any danger there. If he failed to do that and the car behind came in collision with him, and at the time he undertook to cross from one track to the other, you think, under the circumstances, he was not exercising the care and prudence that a reasonable man should have exercised, then he is guilty of what we call contributory negligence, and he cannot. recover. A man cannot recover against another even though the other party may be guilty of negligence that produced the injury to him, if he himself has been guilty of negligence which contributed to bring about that injury.

Now, it may be the wagon was coming upon the other track, as claimed by defendant. As I said before, if you find the wagon was coming upon the same track ahead of the car that caused the collision, the principle is a different one. If the man was ahead, the motorman was bound to see him; he was bound to use reasonable and proper care to avoid a collision, because he was the party who was bound to keep watch, and it was his duty to see ; and we presume he did see, because as I said before, he had no right intentionally or negligently, even if he thought the man might get off the track, to come in collision with him. But when you come to the other side of the case if, as claimed by the defendant, the car was coming, and seeing the car coming upon the bridge and being on the same track, which was the right hand track going from the city to Bellevue, then it was his duty as a prudent man to get off that track; it was not only his right, but his duty, and if the track was clear behind him, of course the only way he could avoid that car would be to do just what the law required him to do, get out of the road. Well, upon the testimony here the evidence would indicate, as far as the plaintiff was concerned, that there was apparently only one reasonable way to get off that track, and that was by crossing over upon the right hand track. Now, as I said, he saw a car coming; that car would not necessarily come in collision with him, and he was not bound to anticipate that it would, but it was his duty ordinarily as a prudent man to get off the track. Before he got off the track it was his

duty to listen, and look if listening would not satisfy him, to ascertain whether or not there was a car coming behind, because if he got out of the way of one car in front of him that was not likely to come in contact with him without gross carelessness or misconduct on the part of the motorman, the probabilities are that the car behind him, when he suddenly came upon the track, would be caught in such a way as to occasion a collision. Then it was his duty to look out, and if he failed to do that he would be guilty of what we call contributory negligence. If the jury find the facts according to the defendant's theory, Mr. Woelfel would be guilty of contributory negligence for not looking out as he should have done, unless the danger was really so apparent as to justify him in believing that he was in such sudden danger of a collision as for the time being to take away his better judgment and throw him into a fright and state of excitement that would prevent a man acting with the care and prudence that he should use under other circumstances. That is to say, wherever a man is caught in a dangerous position, while he is, under all the circumstances, bound to use all the care and prudence of an ordinarily cautious man to avoid danger, yet where the danger is sudden or apparent upon one side, and to avoid that danger suddenly brought upon one he undertakes to avoid it and in that manner, in a sudden emergency, comes in contact with another danger which he did not anticipate, or if he anticipated which he in his effort to avoid one danger ran into the other, he is not held to the same degree of prudence that a man in ordinary cool and deliberate circumstances is held. The rule of law is that he simply should be held to that degree of prudence that an ordinarily careful man would be held to under the same circumstances. If I am going along the street, and somebody riding along with a fast horse at an illegal rate of speed comes along in such a way as to endanger my person, and run the risk of running over me, and I, in a moment of haste and anxiety, run into another danger, I am not guilty of contributory negligence, and if the party who brought about the danger was guilty of negligence the rule of contributory negligence does not apply. The rule is that the party that does the injury must be guilty of negligence, and the party who suffers the injury cannot recover if he contributes to that negligence. The circumstances which

constitute the negligence must be determined by the jury as a matter of fact under ordinary circumstances.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was in submitting the case to the jury.

*W. P. Potter*, with him *Wm. A. Stone*, for appellant, cited: Kline v. Electric Traction Co., 40 W. N. C. 337; Funk v. Electric Traction Co., 175 Pa. 559; Phila. Traction Co. v. Bernheimer, 125 Pa. 619; Thomas v. Pass. Ry. Co., 132 Pa. 505.

*J. A. Langfitt*, for appellee, was not heard.

PER CURIAM, November 8, 1897:

The only error assigned in this case is the refusal of the court to charge as requested in defendant's point "That under all the evidence the verdict should be for the defendant."

There is nothing in the record to sustain this specification. On the contrary, it clearly appears that there was testimony bearing on the questions of fact in issue, which it was the plain duty of the court to submit to the jury; and that was accordingly done with instructions to which no exception appears to have been taken. The result was a verdict in favor of the plaintiff, impliedly finding that the material facts were as claimed by her. In view of all the testimony it would have been plain error to have withdrawn the case from the jury by affirming the point in question. There is nothing in the case that requires discussion. The specification of error is dismissed, and judgment affirmed.