## Edgar Allen *v.* The Township of Warwick, Appellant.

*Negligence—Contributory negligence—Burden of proof.*

The plaintiff is not required to disprove contributory negligence but only to make out a case clear of it; unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption against it.

*Province of court and jury—Declaration of contributory negligence.*

Where the facts are uncontested or the inference of negligence is the only one that can be drawn, the court must pronounce the result as a matter of law, but where the facts are in dispute or the inference from them open to debate, the question is for the jury.

*Contributory negligence—Question for jury.*

As an abstract proposition the court could not charge that when a husband knew of a defective way and failed to warn his wife of the danger he was negligent. It could only be determined from the circumstances whether he had omitted ordinary and reasonable care and whether under attending circumstances the highway was used with ordinary care and caution.

Argued Nov. 22, 1898. Appeal, No. 58, Oct. T., 1898, by defendant, from judgment of C. P. Chester Co., on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass. Before HEMPHILL, P. J.

It appears from the record and evidence that plaintiff, Dr. Edgar Allen, brought suit against the township of Warwick to recover damages for the death of his wife caused by negligence on part of the township in failing to keep a public road in proper condition for travel. He instructed his driver to harness a horse that had scared on the preceding Thursday, and take his wife and child to Pottstown. He advised the driver to go

by way of the "Buck," over a road which avoids the dangerous locality. The driver with plaintiff's wife and daughter took the Falls road, the horse frightened at the obstruction (which is described at length in the opinion of the court) overturned the wagon, injuring plaintiff's wife so seriously that she died.

At the trial defendant submitted the following points, which were refused by the trial judge. The points and answers are as follows:

[1. Under the uncontroverted evidence in this case the plaintiff was guilty of contributory negligence and cannot recover. *Answer:* That, gentlemen, I must disaffirm. That is a question for your determination.] [1]

[2. The plaintiff's own testimony shows that he knew on Friday that the logs were piled in the road as they were on the day of the accident; that they were calculated to frighten horses; that his own horses had frightened there before on each of the two days preceding the accident, and that the place, in his own language, was "horribly dangerous." His failure, with this knowledge of the dangerous condition of the road at that point, to direct his driver to avoid that road by taking another road by which he could have reached his destination, is contributory negligence on his part, and the verdict must be for the defendant. *Answer:* That point is also disaffirmed. I have said all that is necessary on that subject in my general charge.] [2]

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1, 2) refusal of defendant's first and second points, reciting same.

*Alfred P. Reid,* with him *J. Frank E. Hause,* for appellant. —When the facts are uncontradicted, their legal effect is a question of law for the court; and this is true also when the question is one of contributory negligence: Delaware, L. & W. R. R. v. Cadow, 120 Pa. 559; Pittsburg & Southern R. R. Co. v. Taylor, 104 Pa. 306; Hill v. Township of Tionesta, 146 Pa. 11; Haven v. Bridge Company, 151 Pa. 620.

In such a case, when the facts are undisputed, the inference of contributory negligence is an inference of law which it is

the duty of the court to declare, and on request so to do, the court should give the jury binding instructions to render a verdict for the defendant: Hill v. Township of Tionesta, 146 Pa. 11.

Where a person having the choice of two roads, one of which is perfectly safe and the other of which is unsafe, voluntarily chooses the latter and is injured, he is guilty of contributory negligence, and cannot recover: Haven v. Bridge Company, 151 Pa. 620.

An employee of a railroad company in seeking egress from a car barn is guilty of contributory negligence when out of three possible places of egress he selected the only one of possible danger: Collins v. Traction Company, 7 Pa. Superior Ct. 318; Hurley v. Lukens Iron and Steel Co., 186 Pa. 187.

In an action to recover damages for personal injury caused by the explosion of gas, the plaintiff is properly nonsuited because of contributory negligence, where it appears from his own testimony that he entered a cellar with a lighted lamp; that he knew at the time he entered that the gas apparatus was out of order; that he had been warned and instructed previously not to turn out the gas until the pipes were fixed; that he had also been informed by a book of instructions that it was dangerous to approach the gas vault with a light, and that the generator should never be filled with gas except by daylight: Mitchell v. Stewart, 187 Pa. 217; Gotshall v. Emerick, 186 Pa. 418.

Under the uncontroverted facts of this case as disclosed by the plaintiff's own evidence and the law applicable thereto, the court should have affirmed the defendant's points and directed a verdict for the defendant.

*Wm. M. Hayes,* with him *J. Carroll Hayes* and *I. Newton Wynn,* for appellee.—The appellant's contention, in other words, amounts to the position that under the circumstances here the plaintiff's duty was measured not by the standard of ordinary care, but by that of an absolute insurer.

Is this radical position sustained by the facts and the law?

In Carr v. Easton, 142 Pa. 139, Mr. Justice MITCHELL said: " Was contributory negligence on the part of plaintiff herself so clearly shown by the evidence that the court was right in

deciding it as a question of law, and directing a verdict for the defendant? It is entirely settled that this may be done in a clear case, but in a clear case only."

It is only where the standard of duty is fixed and defined, so that a failure to attain it is negligence beyond a cavil, that contributory negligence is a matter of law : Beach on Contributory Negligence, secs. 447, 450 ; Vannatta v. Railroad, 154 Pa. 263 ; Fisher v. Railway, 131 Pa. 292.

In the first place, we submit, the warning given his hired man by Dr. Allen was clearly sufficient to warrant a submission of the case to the jury.

Now, conceding for the present that it was plaintiff's duty here to have cautioned his driver at all in the matter, yet it being admitted that he did give him some kind of warning or " advice," be it greater or less in degree, the court would manifestly not be justified in determining its sufficiency as matter of law, but would leave it to the jury to weigh all the surrounding circumstances, and from these to say whether the degree of warning used was sufficiently great or not.

Ordinary care under the circumstances is all that is required of one using a highway, and that is for the jury : Borough of Easton v. Neff, 102 Pa. 474 ; Merriman v. Phillipsburg, 158 Pa. 78 ; Born v. Plank Road Co., 101 Pa. 334 ; Fee v. Borough, 168 Pa. 382.

Although a person may know that a township bridge is not in a safe condition, yet if he knows that the general public still continues to use the bridge, and he has no distinct notice that the bridge is unsafe, and he uses reasonable care and caution according to the circumstances, in crossing the bridge, he cannot be charged with contributory negligence for injuries caused by the defective condition of the bridge : Sheridan v. Township, 180 Pa. 439 ; Humphreys v. County, 56 Pa. 204 ; Bridge Co. v. Bevard, 10 Cent. Rep. 415.

Where there is evidence that if plaintiff had gone a short distance out of his way, he could have traveled to his home by a road which he knew to be safe, while he knew that the road which he did take was a dangerous one, the question of plaintiff's contributory negligence was for the jury : Wellman v. Borough, 167 Pa. 239 ; Chilton v. Carbondale, 160 Pa. 463.

OPINION BY ORLADY, J., February 17, 1899:

The proximate cause of the accident, which resulted in the death of the plaintiff's wife, was a pile of logs by the side of a public road, where they had been massed, preparatory to shipment on a railroad. The space they occupied was about fifty feet in width, between the highway and the railroad which it paralleled, and, on the opposite side of the highway there was an unguarded declivity, which ranged from four to ten feet in descent. In preparing the logs for market, they had been edged and peeled in order to square them, which made white and dark stripes along their length, and the ends were painted a bright red, giving to them an unusual appearance which was calculated to frighten horses. They had been piled at this place between a Monday and Friday, at the rate of about twelve each day, and their intended shipment on Friday was prevented by a legal levy on them, which delayed their removal for several days. The plaintiff, as a practising physician, used the road almost daily and had passed over it on Thursday and Friday, when he had observed the log pile, at which, on Thursday, his horse frightened slightly, but upon being tapped with a whip went on without getting off the road, which at this point was about twelve feet in width. On the following Sunday the plaintiff's wife desired to go to Pottstown, about ten miles distant from her home, and, with her little child, was sent in a buggy in the care of a manservant, forty years of age, who was an experienced horseman, being well acquainted with the horse used and the roads in the neighborhood, and had been in the plaintiff's employ for years. There were two roads between the plaintiff's home and Pottstown, one known as the "Falls" road, the other as the "Buck" road, both of which were in equal use by the traveling public. While hitching the horse to the buggy, the driver inquired of the plaintiff "which way had we better go?" and was answered, "you had better go by the 'Buck' road," but no reason was given for making the suggestion. After they had started, the plaintiff's wife requested that they go by the "Falls" road, when the driver informed her that "the doctor said I had better go by the 'Buck' road," but the wife directed him to take the "Falls" road, saying that "it is much nearer and I want to get home to do some housework." The driver acted upon the direction of Mrs. Allen, and when near to the pile of logs on

the " Falls " road the horse became frightened at the log pile and shied to the roadside and refused to yield to the lines, when the driver jumped from the buggy to lead the horse, which became unmanageable and overturned the buggy down the unguarded embankment, throwing the plaintiff's wife with great violence upon a mass of stones, which fatally injured her.

On the trial in the court below, the defendant requested the court to direct the jury that, under the uncontradicted evidence, the plaintiff was guilty of contributory negligence in not directing the driver to avoid the " Falls " road and use the " Buck " road, and that the plaintiff could not recover. This request was refused, and the court submitted the question of the plaintiff's contributory negligence to the jury in a charge of such fairness as not to be the subject of any assignment of error by the defendant.

The sole question presented is whether, upon his uncontradicted statement, the plaintiff was guilty of contributory negligence. Where the facts are uncontested, or the inference of negligence the only one that can be drawn, the court must pronounce the result as matter of law, but where the facts are in dispute or the inference from them open to debate, they must go to a jury (Ely v. Railway, 158 Pa. 233), and, whether the plaintiff was or was not guilty of negligence, which contributed to the injury of which he complains, must be inferred from all the facts and circumstances disclosed by the testimony. Such inferences are for the jury and not for the court: Merriman v. Phillipsburg, 158 Pa. 78; Fisher v. Railway, 131 Pa. 292. The evidence in this case would not justify the court in holding the plaintiff guilty of contributory negligence in permitting his driver, who was of equal skill with himself in managing a horse, to assume risks which the plaintiff had successfully encountered. The log pile was not an obstruction in the roadway, but an object along the side of the road which was calculated to frighten a horse, but this one had been driven past it on Thursday with slight difficulty, and on Friday without mention of any trouble. The location of the log pile would naturally indicate that it was not to be permanent in its character, and would probably be removed, on the railroad, within a short time. The place had been used for quite a while as a landing for logs and poles, and the highway had been used con-

tinuously by the public; the roadbed was safe for travel, and no cautionary signs of warning had been placed by the supervisors, who must have known of the use made of the place from the time it had been so used. The unsightly log pile did not amount to a prohibition of the use of the road by a person of ordinary judgment and driving a normally tractable horse, as the same risks, if any, had been easily overcome by the plaintiff and others. The two roads promised equal safety with the slight advantage in favor of the "Falls" road on account of its being more level.

The extreme words used by the plaintiff in describing the log pile do not furnish the correct measure of the danger. They were introduced in a question asked by defendant's counsel, and, in replying to which question, they were adopted by the witness, who, with the other witnesses, fully stated the facts so as to enable the jury to understand the condition of road at the place where the accident occurred. It is not reasonable to suppose that the plaintiff would have exposed his wife and child to dangers that he would have avoided, and while the suggestion to use the "Buck" road was not in the form of a command, it was in substance as direct as is usually given to servants, and the plaintiff had the right to believe that it would be adopted. It was in fact accepted by the driver as an order to be followed, and he had it in mind when the "Falls" route was adopted at the request of the wife. As an abstract proposition, the court ought not to charge that when a husband knew of a defective way, and failed to warn his wife of the danger, he was negligent. It could only be determined from the circumstances whether he had omitted ordinary and reasonable care: Nanticoke v. Warne, 106 Pa. 373. Whether, under the attending circumstances, the highway was used with ordinary care and caution, was a question for the jury: Sheridan v. Palmyra Township, 180 Pa. 439.

This is not a case of having a choice of ways, one perfectly safe and the other fraught with apparent dangers, and voluntarily choosing the latter, as in Haven v. Bridge Co., 151 Pa. 620, where the plaintiff received injuries by reason of conspicuous dangers in her way, of which she had distinct notice. The plaintiff is not required to disprove contributory negligence, but only to make out a case clear of it. Unless, therefore, his

negligence appears affirmatively, he is entitled to go to the jury
on the general presumption against it: Ely v. R. R. Co., 158
Pa. 233. Under proper instructions, the controlling question
of contributory negligence was for the consideration of the
jury: Delaware R. R. Co. v. Jones, 128 Pa. 308 ; Forker v.
Borough, 130 Pa. 123 ; Chilton v. Carbondale, 160 Pa. 463 ;
Wellman v. Borough, 167 Pa. 239. As was said in Merriman
v. Phillipsburg Borough, 158 Pa. 78, we think the question of
contributory negligence was not for the court, but exclusively
for the jury. It was its special province to ascertain the facts
and draw from the testimony such inferences of fact as it ap-
peared to warrant. On this point all the facts and circum-
stances attending the injury should be fully considered. The
charge of the court was fair, clear and adequate, and the judg-
ment is affirmed.