## Alexander Wilson v. North Side Traction Company, Appellant.

*Negligence—Contributory negligence—Question for jury.*

The evidence adduced by the plaintiff in his own behalf not disclosing that he was guilty of contributory negligence, and there being sufficient evidence of negligence on the part of defendant to take the case to the jury on that point, the questions involved were purely those of fact and the case was properly left to them.

Argued April 10, 1899. Appeal, No. 17, April T., 1899, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1897, No. 715, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Trespass. Before COLLIER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Error assigned* was refusing binding instructions for defendant.

*Stephen W. Stone*, of *Stone & Potter*, for appellant, relied on Smith v. Traction Co., 187 Pa. 110, and Yingst v. Railway, Co. 167 Pa. 438.

*Thomas M. Marshall, Jr.,* with him *F. P. Sproul,* for appellee.

OPINION BY WILLIAM W. PORTER, J., May 18, 1899:

The only error assigned in this case is the refusal of the trial judge to direct a verdict for the defendant. The appellant claims that there was no negligence on the part of the defendant proven, and that the plaintiff was guilty of contributory negligence. In order to determine the merit of this contention we have given the whole of the evidence a careful examination. We find that there was sufficient evidence of negligence on the part of the defendant to take the case to the jury on this point, and that the plaintiff, as shown by the evidence adduced in his behalf, was not chargeable with contributory negligence. The questions involved in the case were purely those of fact. They were explained by the trial judge in an adequate and clear charge. The jury have rendered a verdict for the plaintiff which determines the questions of fact in his favor. We can find no question of law involved which requires discussion.

The plaintiff while driving a pair of horses, attempted to cross the tracks of the defendant company. On the testimony adduced in his favor there was ample time to make the crossing. He was, however, compelled to stop by a woman, and subsequently by a wagon, obstructing his complete crossing. He pulled out of the way as soon as it was possible, but not soon enough for his vehicle to escape being struck by the defendant's car. The crossing was attempted in full view of the motorman, who, as the plaintiff contended, had ample time to stop his car and avoid the collision.

The defendant alleged that the plaintiff attempted to make a crossing in front of an approaching car ; that it should have been clear to him that he could not safely cross the track ; that the car was approaching slowly and that the motorman did his best to stop the car. Here in epitome is the whole controversy, and the jury have decided it.

The judgment is therefore affirmed.