## Raulston *v.* Traction Co.

*Contributory negligence—Trolley crossing—Question for jury.*

The plaintiff is not required to disprove contributory negligence but only to make out a case clear of it.

In the case at bar a driver about to cross a trolley track at a crossing, observing a car approaching at the distance of 330 feet, continued his progress with his horse at a walk, believing, in the light of former experience, that the car was sufficiently far away to cross safely; the motorman had not his hands on the brake, as was seen and testified to by plaintiff, nor did he sound the danger signal; the car struck the plaintiff's wagon inflicting damage. *Held*, that the court erred in entering a nonsuit and refusing to take same off, because it could not conclusively be presumed that the driver had disregarded the rules of common prudence or negligently to have driven into an apparent danger. The questions of negligence and contributory negligence were for the jury.

Argued Dec. 13, 1899. Appeal, No. 63, Oct. T., 1899, by plaintiff in suit of David Raulston against Philadelphia Traction Company from judgment of C. P. No. 1, Phila. Co., June T., 1895, No. 256, entering nonsuit. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by ORLADY, J.

Motion to take off compulsory nonsuit.    Before the court in banc.

The facts sufficiently appear in the opinion of the court.

The court below entered a compulsory nonsuit which it subsequently refused to take off.    Plaintiff appealed.

*Error assigned* was refusal of the court below to take off nonsuit.

*Eugene Raymond,* for appellant.—A person about to cross a street at a regular crossing is not bound to wait because a car is in sight, if it is such a distance from him that he has ample time to cross if it is run at its usual speed: Callahan v. Traction Co., 184 Pa. 425.

Whether the speed was unusual and unsafe at the point and time of accident and whether the plaintiff's action contributed to the accident, were all important and all disputed, and the case was for the jury: Tompkins v. Traction Co., 3 Pa. Superior Ct. 576.

The case was for the jury: Greenfield v. Railway Co., 178 Pa. 194; Woelfel v. Railway Co., 183 Pa. 213; Davidson v. Traction Co., 4 Pa. Superior Ct. 86; Stable Co. v. Traction Co., 7 Pa. Superior Ct. 104.

Plaintiff was not required to disprove contributory negligence: Allen v. Township, 9 Pa. Superior Ct. 507; Becker v. Railroad Co., 10 Pa. Superior Ct. 19; Wilson v. Traction Co., 10 Pa. Superior Ct. 325.

No paper-book or appearance for appellee.

OPINION BY ORLADY, J., April 23, 1900:

The judgment in this case was a compulsory nonsuit on account of the contributory negligence of the plaintiff's driver, and after argument the court refused to lift it, from which decision the plaintiff appeals.    The driver testified that the accident occured on a wide avenue (on which were laid two lines of trolley tracks) at a point where it was intersected by another highway, both being much traveled by the public.    He was familiar with the crossing, was driving a tractable horse, and as he approached the avenue in fair daylight he looked west-

wardly and observed a trolley car approaching him on the south track at a distance of 330 feet west of the crossing. He then looked eastwardly and there being no car in sight he believed, in the light of his former experiences, that the car was sufficiently far away to cross safely. He kept going on at a walk, and when the head of the horse was at the south rail of the south track, the approaching car was then distant from him 200 feet. After the horse had cleared the south track the car struck the wagon between its front and hind wheels with such violence that the wagon, contents and driver were thrown a distance of twenty feet and the horse was dragged 120 feet; the car ran on about 200 feet without stopping. From where the car was first seen there was a heavy down grade to the crossing. The motorman in plain view on the front platform stood with his back against the door of the car and his hands hanging beside his body. The gong was not sounded, and the motorman did not attempt to control the car as it ran down the grade at a high rate of speed, which increased as it approached the crossing. In a number of important parts of this testimony the driver was corroborated by two disinterested witnesses.

At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, and the court said, "This was an early hour in the morning and this car was lighted up so as to be clearly seen, and this man saw it coming lighted up, at a great rate of speed, and the motorman not attending to his business, not up at the brake, and the plaintiff undertook seeing that to go across himself. I think he had no right to do that; the evidence says that it was a foggy morning, and this car being lighted up, it was perfectly conspicuous to him, so that he was able to see all that at such a distance, three hundred feet or more. I grant a nonsuit in this case."

If the front platform had not been occupied by a motorman it would have been reckless in the extreme for the driver to have attempted to pass in front of a runaway car. The driver did not testify that the speed of the car was unusual when he first saw it, nor when it was 200 feet distant from him, but that it was so when the car was forty or fifty feet away, at which time the wagon was in front of the car. To hold that a moving car approaching from either side of a public crossing

at the distances given would make it contributory negligence on the part of a traveler to cross would be practically to turn the streets over for the exclusive occupancy of the trolley lines, as the frequent movement of cars in a city would leave but a small proportion of a day when the tracks would be clear of cars for that distance. The rights of a street railway are superior to those of the public; and for good reasons, as stated in Ehrisman v. Ry. Co., 150 Pa. 180, and Smith v. Traction Co., 187 Pa. 110; Smith v. Traction Co., 3 Pa. Superior Ct. 129, but this superior right does not absolve them from observing the well defined rules measuring the care to be used by them in occupying a crossing. Neither at crossings nor between them is the public right relinquished; it is only subordinated to that of the railway company: Evers v. Phila. Traction Co., 176 Pa. 376.

The trolley car and the traveler had a right to use Woodland avenue, but the right of each was subject to frequently declared rules, and each owed a correlative duty to the other; the car to give timely warning of its intention to occupy the crossing under guarded speed, and the traveler to approach it with proper caution. The situation was such as to call for unusual vigilance on the part of the motorman. Whether, under all the circumstances, the driver was negligent in attempting to cross, or in the manner in which he attempted to cross was, we think, for the jury, as in Calahan v. Traction Co., 184 Pa. 425. The plaintiff is not required to disprove contributory negligence but only to make out a case clear of it. Unless, therefore, his negligence appears affirmatively, he is entitled to go to the jury on the general presumption against it: Ely v. R. R. Co., 158 Pa. 233.

Was the driver to presume that the motorman would remain in his unserviceable attitude as he neared a much traveled public crossing? Was it not reasonable for him to believe that at a proper time and in a common sense way he would apply the means immediately in front of him to control the car, or, if the car was beyond his control that he would at least give due and timely notice of the impending danger. The legitimate inferences to be drawn from the facts are open to debate. Where a case is taken from the jury and decided as matter of law upon the sufficiency of the evidence we must treat the plaintiff's

case as though the jury had found it to be true : McFarland v. Insurance Co., 134 Pa. 590.

The motorman had as conspicuous a view of the plaintiff's driver as the latter had of the car. The speed of the car was much better known to the motorman than to a person facing its front, and its speed was entirely subject to his will. The rapidly descending grade, the distance traveled, and the public character of the crossing furnished sufficient reasons to induce belief that care proportioned to these conditions would be exercised by the motorman. The indifference of the motorman in not sounding the danger signal, and his disregard of duty in not being at the motor or brake could not reasonably be anticipated. The fact that the driver had almost crossed the distance the horse was dragged, and that the car ran 200 feet after the collision might induce belief in the driver's statement that it was " sufficiently far away to cross safely," if the car had been running at reasonable speed : Woelfee v. Railway Co., 183 Pa. 213.

Under the evidence as the case is now presented, and owing to the reasonable and proper inferences to be drawn therefrom, we do not think that the driver should be conclusively presumed to have disregarded the rules of common prudence, and to have negligently driven into an apparent danger : Davidson v. Traction Co., 4 Pa. Superior Ct. 86 ; Jones v. Ry. Co., 9 Pa. Superior Ct. 65 ; Allen v. Warwick Twp., 9 Pa. Superior Ct. 507 ; Wilson v. Traction Co., 10 Pa. Superior Ct. 325 ; Stanton v. Traction Co., 11 Pa. Superior Ct. 180.

The judgment is reversed, and a venire facias de novo is awarded.