# Prutzman *v.* Lackawanna & Wyoming Valley Railroad Company, Appellant.

*Negligence—Street railways—" Stop, look and listen " —Case for jury.*

Where a person driving a team approaches a grade crossing of an electric railway, and finding his view cut off, stops, alights, goes on the tracks, and with a view of 1,100 feet along the tracks, looking sees nothing, and then returning to his seat on the wagon, drives across the tracks and is struck and injured by a car, he is entitled to have the question of his contributory negligence submitted to a jury.

Submitted March 2, 1914.   Appeal, No. 7, March Term, 1914, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1908, No. 123, on verdict for plaintiff in case of William Prutzman v. Lackawanna & Wyoming Valley Railroad Company.   Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before Strauss, J.

The opinion of the Superior Court states the facts.

Verdict and judgment for plaintiff for $100.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Richard B. Sheridan,* with him *John T. Lenahan,* for appellant, cited: Houston Bros. Co. v. Consolidated Traction Co.; 28 Pa Superior Ct. 374; Timler v. Phila. Rapid Transit Co., 214 Pa. 475; Pennsylvania Railroad Co. v. Beale, 73 Pa. 504; Kinter v. Pennsylvania Railroad Co., 204 Pa. 497; Keller v. Phila. & Reading Ry. Co., 35 Pa. Superior Ct. 488.

*Alex. Ricketts,* for appellee, cited: Spahr v. York Railway Co., 50 Pa. Superior Ct. 602.

OPINION BY TREXLER, J., July 15, 1914:

The only question to determine in this case is whether the court below committed error in refusing to declare the plaintiff guilty of contributory negligence. The accident occurred at a grade crossing in the city of Wilkes-Barre. The crossing forms part of a private way leading to a gas manufacturing plant. The defendant company operates an interurban electric road running from Wilkes-Barre to Scranton. The plaintiff having left the gas plant was about to drive his team across the railroad. His view of the railroad was shut off by a wall, located about four feet from the outside rail. He stopped, alighted, went to the tracks and looking, saw that the tracks were clear; his view extending along the track about 1,100 feet. He returned to his seat on the wagon and proceeded to cross the tracks when his horses were struck by a car of the defendant company.

The defendant contends that the crossing was of such a dangerous character that the plaintiff should have led his horses across the tracks, citing Kinter v. Penna. R. R. Co., 204 Pa. 497. In that case it is stated, "it is the duty of a traveler when about to cross a railroad, if he cannot see the track to stop, look and listen and if necessary to get out and lead his horses."

Could the court as a matter of law declare the failure to lead the horses an act of negligence? We think not. The necessity of leading the horses was not so apparent as to require the court to withdraw the case from the jury, or to enter judgment notwithstanding the verdict. There is no fixed duty to lead the horses in every case and under all circumstances. That duty varies according to the degree of necessity. As was said in regard to the duty of stopping at street railway crossings in Talley v. Chester Traction Co., 227 Pa. 393, "unless the necessity for the additional precaution is obvious the question whether under the circumstances it should have been taken is for the jury." Indeed the leading of the horses might be attended with danger

which would render the act inadvisable. Such was the case in Penna. R. R. Co. v. Ackerman, 74 Pa. 265, and in the case before us the learned court below in refusing to enter judgment used the following language: "Considering the closeness of the tracks to the front fence as shown by the evidence in the case and the fact that the plaintiff could not have seen the car until almost upon the track itself, and that in leading horses there may be other dangers than in driving, and that it is not at all certain that under these circumstances the plaintiff would have had better control of his team by leading than by driving, or that he would not have exposed his own person to great danger by attempting to lead, we are of the opinion that the verdict should not be disturbed."

As was said in Spahr v. York Railways Co., 50 Pa. Superior Ct. 602, "a person about to cross a street at a regular crossing is not bound to wait because a car is in sight if it is at such a distance from him that he has reasonably ample time to cross if it is run at its usual rate of speed. It cannot be said as a matter of law that he is negligent in going on."

In that case the accident occurred at the intersection of the interurban road and a public road at a village station.

In the case before us the car was not in view and it was a question for the jury whether in the exercise of ordinary prudent judgment the plaintiff after seeing a clear track for 1,100 feet was compelled to lead his horses or was justified in concluding that he could safely drive his team across the railroad: Callahan v. Phila. Traction Co., 184 Pa. 425; Tozer v. Altoona, etc., Ry. Co., 45 Pa. Super. Ct. 417; Raulston v. Phila. Traction Co., 13 Pa. Super. Ct. 412; Smathers v. Pittsburg, etc., Ry. Co., 226 Pa. 212; Bickley v. So. Penna. Traction Co., 56 Pa. Super. Ct. 113.

Judgment affirmed.