# Rose v. Southern Cambria Railway Company, Appellant.

*Negligence—Street railways—Head-on collision.*

In an action against a street railway company to recover damages for injuries to a team of horses and wagon sustained in a head-on collision, the question of defendant's negligence and plaintiff's contributory negligence is for the jury, where the evidence tends to show that the team consisting of four horses attached to a heavily loaded wagon of stone was being driven over a public street of an eight per cent grade with which the driver was familiar; that owing to the bad repair of a portion of the cartway plaintiff had straddled with his team the tracks in driving up the hill; that in attempting to get his wagon from the tracks the wheel caught and slid along the rail; that the car which struck the team approached around a curve at a point where the motorman could not see the team until within fifty or sixty feet of the place of collision; and that the evidence as to signals was contradictory.

Argued May 4, 1914.   Appeal, No. 138, April T., 1914, by defendant, from judgment of C. P. Cambria Co., March T., 1911, No. 243, on verdict for plaintiff in case of Charles Rose v. The Southern Cambria Railway Company.   Before Rice, P. J., Orlady, Head, Porter, Kephart and Trexler, JJ.   Affirmed.

Trespass to recover damages for injuries to a team and wagon.   Before Baldridge, P. J.

At the trial it appeared that plaintiff's team was injured in a head-on collision on June 9, 1910, at about three o'clock in the afternoon on Church street in the city of Johnstown, at a point of about fifty or sixty feet from where a sharp curve came from a private right of way on to the street.   Below the curve the street graded about eight per cent down hill.   Plaintiff's team consisted of four horses attached to a heavily loaded wagon of stone.   As the plaintiff drove up the hill, he straddled the right-hand rail of the tracks.   There

was testimony that the cartway apart from the tracks was paved with cobblestone and in bad repair. In attempting to get the wagon from the tracks, the wheel caught and slid along the rail. The testimony as to whether signals were given by the car was contradictory in character.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $231.10. Defendant appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant:

*J. Earl Ogle, Jr.*, for appellant.

*Phillip P. Sharkey*, with him *Robert E. Cresswell*, for appellee.

OPINION BY ORLADY, J., July 15, 1914:

The plaintiff recovered a verdict representing the damages done to a team of horses and wagon in a collision with a car operated by the defendant company. The principal contention on this appeal is, whether or not the evidence justified the submission of the case to the jury. The plaintiff was driving his own team of four horses, drawing a heavily loaded wagon of stone over a public street of an eight per cent grade, with which he was familiar. The defendant's tracks were laid near to the curb line at one side of the street. The remaining portion of the street was paved with cobblestones and was in bad repair, which was urged· as a reason for the plaintiff straddling the right-hand rail of the tracks in coming up the hill. In attempting to get his wagon from the tracks the wheel caught and slid along the rails. One of the defendant's cars approached on a curve and the motorman could not have a view of the plaintiff's team until within fifty or sixty feet of the place where the collision occurred.

There was the usual controversy in regard to signals by bell and whistle, and there was sufficient doubt in regard to the defendant's contributory negligence in entering upon the tracks, so that the court rightfully submitted to the jury the question whether the defendant exercised "The due care and caution that a reasonably prudent person would have done under the conditions as they existed there." The motorman was necessarily familiar with the limited view he would have after rounding the curve, as well as that heavily loaded teams were using this severe grade and were obliged to straddle the rail, from which it was difficult to withdraw, and he was bound to use all reasonable precaution in giving notice of his approaching car to this place of danger: Carson v. Federal Street, etc., Ry. Co., 147 Pa. 219; Woelfel v. Federal St., etc., Ry. Co., 183 Pa. 213. The streets of a municipality are for the use of the traveling public, and the right of the street railway company to use them is in common with the public, and each is alike liable for the negligent use of the highway, each must exercise its right thereon with care and due regard for the rights of the other. For reasons that are apparent a street car company must have a superior right to the use of its tracks in the operation of its road, yet, this does not forbid their use by the public but only requires that in their use the rights of the public shall be subordinate to that of the railway company. By straddling the rail the plaintiff did not become a trespasser, and his reasons given for occupying that part of the highway were evidently considered good under the circumstances by the jury, as well as his fair intention to get off of the track for an expected car, which he could not see but which was about due on its schedule time. This effort was somewhat delayed by his heavy load and the wheels sliding along the rail. The plaintiff's surroundings and the attendant facts and circumstances were properly for the jury in determining the question of his contributory negligence. It was clearly the duty of the motor-

man to have his car under such control as would prevent a collision, and in coming from behind the intervening objects on the inside of the curb the approach should be at such speed as to enable him to bring his car to a full stop, if necessary, when he came in view of the place where this collision occurred: Kaechele v. Traction Co., 15 Pa. Superior Ct. 73; Davis v. Electric Ry. Co., 25 Pa. Superior Ct. 444; Sieb v. Traction Co., 47 Pa. Superior Ct. 228. A court is warranted in finding there was contributory negligence to prevent a recovery only in clear cases where the facts and the inferences to be drawn from them are free from doubt: Mortimer v. Beaver Valley Traction Co., 216 Pa. 326; Luckenbill v. Eastern, etc., Rys. Co., 47 Pa. Superior Ct. 121.

The judgment is affirmed.