## Merriman, Appellant, *v.* Phillipsburg Borough.

*Negligence—Contributory negligence—Question for jury.*

In an action to recover damages for personal injuries, whether plaintiff was or was not guilty of negligence which contributed to the injury must be inferred from all the facts and circumstances disclosed by the testimony; and such inferences of fact are for the jury, and not for the court.

In an action for personal injuries against a borough it appeared that plaintiff was injured by falling from a bridge which was not protected by a guard rail. The accident occurred on a dark night. Plaintiff and her sister, provided with an oil lamp, were crossing the bridge, when plaintiff stepped over the side of the bridge and was injured. Plaintiff was familiar with the bridge, and had crossed it several times in the daytime. *Held*, that the question of plaintiff's contributory negligence was for the jury.

Argued Oct. 11, 1893. Appeal, No. 131, Oct. T., 1893, by plaintiff, Jennie Merriman, from judgment of C. P. Beaver Co., Sept. T., 1890, No. 322, entering nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for personal injuries.

The facts appear by the following opinion of the court below refusing to take off nonsuit, by WICKHAM, P. J.:

" The plaintiff, a vigorous and intelligent woman, about thirty years old, was injured on the evening of January 11, 1890, after

dark, by falling from a bridge in the defendant borough. The bridge was sixteen feet long, sixteen feet eight inches wide, and was elevated five or six feet, possibly more, above the bottom of the little run, which it spanned. It had no side rails. The street, whereof it formed a part, was in a sparsely settled part of the borough, and, as the plaintiff says, in her testimony, was 'just a country road.'

"On the evening mentioned, the plaintiff and her younger sister, Mazie, provided with a kerosene oil lamp, started from their home in the borough, about two minutes' walk from the bridge, to visit another sister, living in the thickly populated part of the town. The night was quite dark. Both of them had been over the bridge before, the younger sister very frequently, the plaintiff less often. It was their only practicable way to the stores and post office. The plaintiff had known the bridge for a considerable time, and, within a comparatively short time before the accident, had made about five trips to town in daylight, thus crossing and recrossing it ten times. She further admits that she knew from her own observation that it was not protected by guard rails. The failure of the borough to furnish such protection is the negligence complained of.

"Although, as has been stated, both ladies were at least tolerably familiar with the bridge, neither of them gave it a thought, until the younger of the two was half way across it and the plaintiff was in the act of taking the step which precipitated her to the bed of the run below. Just at that moment, Mazie called to the plaintiff : 'Be careful, Jennie, of the bridge.'

"The warning came too late, as the plaintiff was then falling or about to fall. A rain had swelled the run so that its murmuring could be heard by any one approaching the bridge.

"At the trial it was not, and could not be seriously contended, that any one provided with a lamp and at all acquainted with the bridge, could not have safely crossed it every hour and minute in the night, by exercising ordinary care. The plaintiff knew the exact location and condition of the bridge, and that she must necessarily cross it in a couple of minutes after beginning her walk. She and her sister took a lamp to guide their footsteps, but seemingly made no use of it. At least they did not employ it to protect themselves from danger. The younger sister, who was intrusted with it, said, in reply to a

question asked by counsel: 'I didn't pay much attention to the light.' The plaintiff substantially admits that the passage of the bridge did not occupy her mind in the least. All she thought of was the muddy condition of the road. She concedes, in effect, that she knew the unprotected condition of the structure, that she approached it without any more care or precaution than she exercised elsewhere on the highway, and that she had under her control an artificial light, which, if used with a little care and thought, would have enabled her to cross the bridge in safety. How, then, can it be said that she was guilty of no contributory negligence without asserting, at the same time, that both her knowledge of the peril and her means of avoiding it could be properly disregarded and ignored?

" Had we not learned, from her own evidence, precisely how and why the accident occurred, the presumption that she had exercised due care and forethought might be invoked in her favor. As it is, however, it has no place in the case.

" It must be remembered that the bridge indicated the traveled way, and was fully as wide as the traveled part of the average country road. It was the plaintiff's duty to make some conscious effort to get safely on and over the bridge. Instead of doing this she went forward blindly and recklessly. To say that she did not think will not do. If a dangerous pitfall is at my very door, and I know of its existence, I have notice of its character. If, for want of thought, I fall in it and am injured, why should I be permitted to say I did not contribute to the unfortunate result? Can one who neglects to stop, look and listen, before crossing a railroad track, excuse the omission by saying, 'I forgot'?

" The whole matter may be thus summed up: If the bridge were not dangerous, the borough is not liable; if it were dangerous, the plaintiff, knowing its condition, was bound to use a little more care in approaching it than would be required of her elsewhere on the road. This, her own evidence shows she did not do, hence she contributed to her own injury.

" When the accident took place she might properly enough have exclaimed, as did the plaintiff in Barnes v. Sowden, 119 Pa. 53: 'Oh! it was all my own fault; I was not looking where I was going.' Had she either looked or listened she could hardly have been hurt."

*Error assigned* was refusal to take off nonsuit.

*John M. Buchanan, Lewis W. Reed* and *Wm. A. McConnel* with him, for appellant, cited : Maynes v. Atwater, 88 Pa. 496 ; Corbalis v. Newberry Township, 132 Pa. 9 ; Burrell Township v. Uncapher, 117 Pa. 353 ; Scott Township v. Montgomery, 95 Pa. 444 ; Lower Macungie Township v. Merkhoffer, 71 Pa. 276 ; Lower Windsor Township v. Gemmill, 16 W. N. C. 265 ; Easton Borough v. Neff, 102 Pa. 474 ; Forker v. Sandy Lake Borough, 130 Pa. 123 ; Shear. & Redf. Neg. sec. 46 ; Born v. Plank Road Co., 101 Pa. 334 ; Lee v. Woolsey, 109 Pa. 124 ; Schum v. R. R. Co., 107 Pa. 8 ; Neslie v. Railway Co., 113 Pa 300 ; Readdy v. Shamokin Borough, 137 Pa. 92 ; Linch v. Traction Co., 153 Pa. 102 ; Altoona v. Lotz, 114 Pa. 238.

*W. J. Mellon,* for appellee, cited : Monongahela City v. Fischer, 111 Pa. 14 ; Forker v. Sandy Lake Borough, 130 Pa. 123 ; Barnes v. Sowden, 119 Pa. 53 ; King v. Thompson, 87 Pa. 365 ; Robb v. Connellsville Borough, 137 Pa. 45 ; Pennsylvania R. R. v. Coon, 111 Pa. 440 ; Schum v. Pennsylvania R. R., 107 Pa. 8 ; Hoag v. Lake Shore & Michigan Southern R. R., 85 Pa. 293 ; Lynch v. Erie City, 151 Pa. 380 ; Delaware, etc., R. R. v. Jones, 128 Pa. 314 ; Erie v. Magill, 101 Pa. 616 ; Carr v. Easton, 142 Pa. 139.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 30, 1893 :
In this case, the controlling questions were defendant's negligence and the alleged contributory negligence of the plaintiff. As to the former there appears to have been no room for doubt. The testimony discloses the grossest carelessness on the part of the borough authorities in maintaining a dangerous pitfall, within the lines of the street, which the judicious expenditure of a few dollars could have obviated : Corbalis v. Newberry Township, 132 Pa. 9. If those whose duty it is to keep public highways in a reasonably safe condition for public use were properly dealt with and adequately punished for their negligence, there would be fewer nuisances and man-traps maintained in public streets and highways.

There was some evidence of contributory negligence, but the question is whether the fact was so clearly established as to

VOL. CLVIII—6

justify the court in refusing to take off the judgment of nonsuit. An examination of the testimony has satisfied us that it was not. Whether the plaintiff was or was not guilty of negligence which contributed to the injury of which she complains, must be inferred from all the facts and circumstances disclosed by the testimony. Such inferences of fact are for the jury and not for the court. In Borough of Easton v. Neff, 102 Pa. 474, a case in some respects not unlike the one before us, Mr. Justice CLARK said : " There was evidence in the cause, some of it inferential in character, tending to show contributory negligence, and this was for the jury. In the use of a public highway in general, ordinary care is undoubtedly the rule. . . . Negligence is defined, however, as the absence of care according to the circumstances. In this case, the plaintiff was quite familiar with the crossing; she had passed over it often on her way to and from church ; she says she knew it to be a place of danger ; she was old and could not see well ; the injury was received at night, and the night was dark. Did she exercise a proper measure of care ? She was bound to use such care as a prudent person would have used under such circumstances. . . . For this reason the question of contributory negligence was peculiarly for the clear and free exercise of the judgment of the jury, under proper instructions from the court."

So, in this case, we think the question of contributory negligence was not for the court, but exclusively for the jury. It was their special province to ascertain the facts and draw from the testimony such inferences of fact as to them it appeared to warrant. On this point, all the facts and circumstances attending the injury should be fully considered.

Judgment reversed and a procedendo awarded.

*Negligence—Contributory negligence—Question for jury.*

