## James T. Kennedy v. the City of Williamsport, Appellant.

*Municipal liability—Defective highway—Burden of proof.*

The character of a road as a public highway when collaterally raised, as in an action for its negligent maintenance, is sufficiently shown, so as to shift the burden of proof, by the facts that it has been opened, and that the public has been permitted or invited to use it for travel.

When the plaintiff has made out a prima facie case by direct oral testimony that a road and bridge were a public highway within a city, and for the proper construction and maintenance of which the city assumed liability, the burden of proof is shifted to the defendant.

*Safety of bridge—Negligence—Question for jury.*

Whether a city bridge on which a foot passenger was injured was properly constructed and guarded is a question of fact for the jury.

Argued April 24, 1899. Appeal, No. 25, Feb. T., 1900, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1897, No. 385, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Trespass. Before MAYER, P. J., of the 25th judicial district, specially presiding.

It appears from the evidence that plaintiff was injured by stepping off a bridge in the outskirts of the city of Williamsport. On the western side of the street approaching the bridge there was a board walk with a proper guard rail upon it. There was some evidence showing that this board walk was not in very good repair and that the electric light near the bridge was out at the time the plaintiff approached the bridge, when he crossed to the east side, and in crossing the bridge stepped off the end and fell, breaking his leg. At the trial, the court, subject to objection, permitted the plaintiff to ask E. J. Eldred the following questions: [ " Q. This bridge is in the first ward of the city of Williamsport, is it not? A. Yes, sir. Q. What

is the width of the bridge? By Mr. Reardon: I object to the witness saying that the bridge is in the first ward of the city of Williamsport, because it is not the best evidence. By the court: He can estimate it without measuring it.] [1]

The court charged the jury in part as follows:

[It is claimed on the part of the defendant that this bridge is not within the territorial limits of the city of Williamsport, and in consequence the city would not be liable; that there is not sufficient evidence to justify the jury in finding that this bridge was within the territorial limits of the city of Williamsport, and therefore she was under no obligation to keep it in repair. We feel bound to say that the evidence on the part of the plaintiff shows that some six years ago the city of Williamsport re-erected this bridge, which had become in a condition of decay and out of repair, and there was also the testimony of the same witness who swore that at one time this bridge had become out of repair and it was put in repair by the municipal officers. We think that testimony would be sufficient to justify the jury in inferring that this bridge was within the territorial limits of the city of Williamsport, otherwise they would not have re-erected it, or put it in repair; so we think that evidence would be sufficient to justify the jury in drawing the inference that this bridge across this stream was within the territorial limits of the city of Williamsport, otherwise they would not have re-erected it, or put upon it the necessary repairs to make it in a safe condition.] [3]

Defendant requested the court to charge the jury, [" that under all the evidence in the case the verdict must be for the defendant. *Answer :* The point is refused."] [2]

Verdict and judgment for plaintiff for $900. Defendant appealed.

*Errors assigned* were (1) in permitting evidence of E. J. Eldred, a witness on the part of the plaintiff, reciting same. (2) Refusing binding instructions. (3) To a portion of the judge's charge, reciting same. (4) The charge as a whole was inadequate, and prejudicial to the defendant.

*Jno. J. Reardon,* city solicitor, for appellant.—Our contention is that, in order to charge a municipality with the duty to repair,

or to make it liable for injuries for suffering a street or highway to be or remain defective, it must appear from competent evidence—the best evidence of which the case in its nature is susceptible—that the street was within the corporate limits of the municipality, and created in one of the following ways: (a) by statute; (b) by the exercise of the right of eminent domain; (c) by dedication; (d) by user during the statutory period: 2 Dillon, Municipal Corporations, 624; State v. Wilson, 42 Maine, 9; Niagara Suspension Co. v. Bachman, 66 N. Y. 261; State v. New Boston, 11 N. H. 413; Hemphill v. Boston, 62 Mass. 195.

The court should have instructed the jury to render a verdict for defendant, because the plaintiff was guilty of contributory negligence. Granting, for argument's sake, that the bridge at which plaintiff was injured was within the corporate limits of the city, ample provision was made for the safety of the public. The location was rural, the highway was fifty feet wide and level from fence to fence, an arc electric light was stationed about 300 feet distant, this portion of the highway was not built up—a cornfield on one side and a graveyard on the other, and a good, broad sidewalk along the west side. Plaintiff took the east side of the street, where there was no sidewalk, and therefore no invitation for a pedestrian.

We think that the law as laid down in Monongahela City v. Fischer, 111 Pa. 9, is applicable to the case at bar, and supports our contention. The facts in that case and this are strikingly similar.

The public authorities, whether the city defendant, or the township, had made reasonable provision for the safety of the public in crossing this bridge, by laying a sidewalk along the west side of the street or highway. That this sidewalk was safe and convenient is not disputed. This was the full measure of the duty of the municipal authorities, and their discretion cannot be reviewed: Easton v. Neff, 102 Pa. 474; Fair v. Phila., 88 Pa. 309; Hoff v. Phila., 93 Pa. 272.

*Chas. J. Reilly*, for appellee.—The jury found, and the evidence shows, that the bridge and its approaches were in the territorial limits of the city defendant. The jury found, and the evidence shows, that Almond street was a well known street

running south from the north line of the city to East Third street in the eastern part of the city defendant.

A traveler in a city street may rely on the assumption that the streets are kept safe : Shearman & Redfield's Neg. sec. 334, and note; French v. Camp, 18 Me. 433; Sickles v. N. J. Ice Co., 153 N. Y. 83.

The burden of showing contributory negligence was upon the city defendant : Erie v. Schwingle, 22 Pa. 384.

The city defendant is bound to keep its streets and bridges in a safe condition : McLoughlin v. Corry, 77 Pa. 109. To the same effect are Altoona v. Lotz, 114 Pa. 238, Easton Boro. v. Neff, 102 Pa. 474, and Fritch v. Allegheny, 91 Pa. 226.

The assignment must contain, together with the testimony, the offer, the objection and the ruling of the court below. The full bill of exceptions on which the assignment is based must come before the court as it was presented in the court below : Warfel v. Knot, 128 Pa. 528.

The rule of court is not conformed to by presenting the testimony only; the full substance of the bill must be presented also : Melvin v. Melvin, 130 Pa. 6.

The assignments must not only show the evidence excepted to because of its admission, but also that the exceptions were sealed : Readdy v. Shamokin Boro., 137 Pa. 98; Augerstein v. Jones, 139 Pa. 183.

A general assignment of error in the following form : " The charge of the court below, as a whole, was misleading to the jury," is not in accordance with the rules of the court, Rule 23, and for this reason will not be considered : Udderzook v. Harris, 140 Pa. 236.

Where it is alleged as error that the charge as a whole was unfair and one-sided, the better practice is to assign the entire charge as error, Com. v. Orr, 138 Pa. 276, otherwise the assignment will not be considered : Udderzook v. Harris, 140 Pa. 236.

The printing of the language elsewhere in the paper-book does not make a compliance with the rule : Gilmore v. P. V. & C. R. R. Co., 104 Pa. 275; Dietrick v. Addams, 9 W. N. C. 492.

OPINION BY WILLIAM W. PORTER, J., July 28, 1899 :

The first ground upon which a reversal of this case is asked is that there was no competent evidence to show that the high-

way, upon which the injury was suffered, was within the corporate limits of the city defendant, or that the city had any jurisdiction over it. We are of opinion that the evidence was competent and adequate on this point particularly as the only denial attempted to be made by the defendant was by the testimony of the assistant city engineer, who said in reply to a question as to where the city line was located: " I can't say, whether it is exactly the center of Wyoming street or the center of McClure's run . . . . It has been in dispute, I think, but whether it has been settled or not, I don't know, I have not looked the matter up." On the other hand, one of the plaintiff's witnesses said, without objection, that the bridge where the accident happened was in the first ward of the city of Wllliamsport. Another that he had known the bridge since 1889 ; that " it went down once. The flood took it away . . . . The city rebuilt the bridge about six years ago." It was also said that at a subsequent time the street commissioners made some repairs to it. Furthermore it appears that the place was included in the police protection furnished by the city.

There was abundant evidence of the user of the road and bridge as a public highway by pedestrians and by conveyances, including a line of trolley cars. In this state of the proofs we are not prepared to hold that the plaintiff was bound in the first instance to show an acquisition of the highway by the city by the exercise of the right of eminent domain or by an accepted dedication or by an user for the statutory time. The character of a road as a public highway " when collaterally raised as in an action for its negligent maintenance is sufficiently shown so as to shift the burden of proof, by the facts that it has been opened and the public permitted or invited to use it for travel, though the work is only partially finished: " Shearman & Redfield on Negligence (ed. 1898), sec. 334. The authors add: " Where the facts that a town has paid for a road or bridge or has repaired it from time to time are relied on to show its public character and the town's responsibility therefor, it is competent to show that the repairs were begun and continued under a mistaken belief that it was the town's duty to do so or that at the time the repairs were made the duty of making them was owing exclusively by another town or a private person." See also Steel v. Borough of Huntingdon, 191 Pa. 627. The

plaintiff made out a prima facie case by direct oral testimony that the road and bridge were a public highway within the city and for the proper construction and maintenance of which the city had assumed liability. The burden was thus shifted to the defendant who failed to submit adequate evidence to rebut the plaintiff's proof.

The second ground urged for a reversal is that the plaintiff was guilty of contributory negligence. We have read the testimony critically and can find nothing to sustain this allegation. The defendant contends that the plaintiff took the east side of the street where there was no sidewalk, and therefore no invitation for a pedestrian, and that this was negligence on his part. The plaintiff says that in the darkness he tripped while walking on the west side and therefore crossed the street and took the board walk which he found on the east side. This board walk ended unexpectedly and he pursued his course on the same side of the street knowing nothing of the surroundings of the place or of any better way on the west side. It was also testified that the west side was little better than the east and not safe. The question was however one for the jury and to them it was submitted by the charge of the learned court below. This branch of the case was not however strenuously urged by the defendant who presses upon us the contention that the defendant was not negligent.

No citation of authority is necessary for the proposition that a municipality must keep its streets and bridges in a safe condition for ordinary travel. This was not a mere country road which, as was said in Monongahela City v. Fischer, 111 Pa. 9, need not be kept in repair from side to side. It was used by a trolley line between whose tracks the roadway was paved. It was built upon in the vicinity of the bridge. It was in use to its full width and provided with sidewalks on one or in part on both sides. While not a thoroughfare used to the extent of a business street in a large city, it was not a country road within the contemplation of the case above cited.

The contention that the construction of a sidewalk on one side of the bridge was the full measure of the city's duty and an unreviewable discretionary act cannot be sustained, first because there is some testimony that both sides of the bridge were in an unsafe condition, and, second, because the controversy

is not regarding the safety of the sidewalk constructed but regarding the safety of the bridge itself as a place of crossing. While the law invests a municipality with power to establish and construct sidewalks and bridges upon the highways and determine their form of construction, it requires also that their construction shall be reasonably safe and secure: Borough of Easton v. Neff, 102 Pa. 474. Whether the bridge where the plaintiff was injured was properly constructed and guarded was clearly a question of fact which neither the learned trial judge nor this court should assume to determine.

Finding no error in the record, the judgment of the court below is affirmed.