## Lamb v. Pike Township, Appellant.

*Negligence—Natural gas companies—Townships—Roads—Pipe as a danger to travel.*

Though the Act of May 29, 1885, P. L. 29, permits a natural gas company to lay its pipes "upon and over, under and across" public roads, permission is not given to such company to so lay its pipes as to make travel over public highways unsafe; nor does the act relieve township authorities from seeing that the roads under their supervision continue to be safe for public travel, notwithstanding the location of gas pipes upon them.

If a pipe as laid on a public highway becomes a dangerous obstruction to travel, it is the duty of the township authorities to abate the danger, or to take such action as will protect the public from it when using the highway kept open as an avenue for travel, which must always be safe.

Argued April 30, 1906. Appeal, No. 335, Jan. T., 1905, by defendant, from judgment of C. P. Potter Co., Sept. T., 1903, No. 177, on verdict for plaintiff in case of D. H. Lamb v. Pike Township. Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries, alleged to have been sustained by permitting a natural gas pipe to remain as an obstruction in a highway. Before ORMEROD, P. J.

The plaintiff's statement averred, inter alia, as follows:

At a point upon the said highway leading from West Pike in the said township to the borough of Galeton, about one and one-third miles west of the boundary line of said Galeton borough in the said township of Pike where the said road passes along and over a dangerous dugway, the said defendant with full knowledge of its existence permitted a dangerous obstruction to be and remain in and upon the said highway, to wit: a gas pipe to be and remain uncovered for a space of about seventy feet running along and in the traveled track of the said highway upon the said dugway and in close proximity to the edge of the bank. The exposed portion of the said gas pipe being of the height above the ground varying from two to eight inches, thereby rendering it unsafe and dangerous for teams and wagons passing over and upon the said highway at the point mentioned, to wit: for a space of about seventy feet, where the said gas pipe remained uncovered and exposed above

the ground. The said gas pipe being a continuous gas line and firmly imbedded in the ground at other points, and at the time complained of in the manner aforesaid a solid and immovable obstruction in the said highway at the place aforesaid.

And the said plaintiff while driving and riding along the said public highway with others in a wagon on June 5, 1903, without any negligence or carelessness on his part, and while exercising due caution and diligence and not knowing the dangerous condition of the said highway at the place mentioned was violently thrown from the said wagon to the bed of the road by reason of one of the wheels of said wagon dropping over the said obstruction, to wit: the gas pipe aforesaid, causing the wheel of the said wagon to break and frightening the horses attached to the said wagon, whereby they became unmanageable and ran for some distance along the said highway.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John G. Johnson,* with him *A. N. Crandall, W. I. Lewis, Arch. F. Jones* and *R. R. Lewis,* for appellant.

*A. S. Heck* with him *W. K. Swetland,* for appellee.

PER CURIAM, May 24, 1906:

Though the Act of May 29, 1885, P. L. 29, permits a natural gas company to lay its pipes "upon and over, under and across" public roads, permission is not given to such company to so lay its pipes as to make travel over public highways unsafe; nor does the act relieve township authorities from seeing that the roads under their supervision continue to be safe for public travel, notwithstanding the location of gas pipes upon them. On this manifestly correct theory the claim of the appellee for compensation for the injuries sustained was submitted to the jury. If a pipe as laid on a public highway becomes a dangerous obstruction to travel, it is the duty of the township authorities to abate the danger, or to take such action as will protect the public from it when using the highway kept open as an avenue for travel, which must always be safe.

Complaint is made that the gas company, and not the township, ought to have been sued, because the act provides " that any company laying a pipe line under the provisions hereof shall be liable for all damages occasioned by reason of the negligence of such gas company." It is a sufficient answer to this to say that it is not the negligence of the gas company of which the appellee complains. His complaint is of the negligence of the township. If the gas company was negligent, its negligence is not a question involved in this proceeding.

Judgment affirmed.