# Zirkman *v.* Philadelphia & West Chester Traction Company, Appellant.

*Negligence—Street railways—Roads—Obstruction of highway.*

In an action against a street railway company to recover the loss of a horse, a judgment on a verdict for plaintiff will be sustained where the evidence for plaintiff although contradicted, tends to show that the defendant at the place of the accident piled ballast three or four feet beyond its tracks on the public highway, that the highway at this point was hardly wide enough for two teams to pass, and that plaintiff in permitting a heavily loaded team to pass, was compelled to drive upon the stones, and that the loose stones caused his horse to fall and sustain the injuries for which the suit was brought.

Argued Nov. 20, 1906. Appeal, No. 95, Oct. T., 1906, by defendant, from judgment of C. P. Chester Co., Jan. T., 1906, No. 16, on verdict for plaintiff in case of Richard Zirkman v. Philadelphia & West Chester Traction Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Trespass to recover damages for loss of a horse. Before HEMPHILL, P. J.

The opinion of the Superior Court states the case.

Verdict and judgment for plaintiff for $159.29. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Alfred P. Reid*, for appellant.—If there is no evidence which alone would justify the inference of the disputed fact, it ought not to go to the jury : Howard Express Company v. Wile, 64 Pa. 201 ; Mutual Protection Life Ins. Company v. Laury, 84 Pa. 43.

*S. D. Ramsey*, for appellee.—If the obstructions were, as claimed by the appellee, they narrowed the traveled roadway —had existed for some time ; there was ample room where

stone might have been stored on the line of the railway, and they were of a character liable to cause accident and render the wrongdoer responsible for injuries resulting therefrom: Born v. Plank Road Co., 101 Pa. 334; Gates v. Penna. R. R. Co., 150 Pa. 50; Stanton v. Traction Co., 11 Pa. Superior Ct. 180; Barnes v. Railway Co., 26 Pa. Superior Ct. 36.

The evidence consists in the express declarations of the plaintiff of the fact in dispute, and even if the testimony was contradicted, or uncorroborated, the jury must decide: P., W. & B. Railroad Co. v. Alvord, 128 Pa. 42; Bucklin v. Davidson, 155 Pa. 362.

OPINION BY ORLADY, J., February 25, 1907:

The defendant operated a trolley road between Philadelphia and West Chester, which occupied part of the public highway. Its roadbed was so constructed as to raise its tracks about nine inches above the surface of the highway, and from the outer edge of its tracks there was a gradual slope down to the level of the road used by the traveling public, so as to leave a highway accessible to the traveling public, at the place where the accident happened, only about eight or nine feet in width, as shown by the plaintiff, but about eighteen feet in width as testified to by the defendant's witnesses. The authority for superimposing upon a public highway a construction of such width and elevation as to withdraw from public use that much of the highway, does not appear; and it is not necessary to pass upon that phase of the case in disposing of the assignments of error in this record. The appellant urged, in a point presented to the court for instruction to the jury, that: "There is no evidence of negligence by the defendant in this case, which caused the accident," which was refused, and the question of the defendant's negligence was submitted to the jury in a fair and adequate manner. The plaintiff testified that the trolley roadbed was eight to ten feet wide, so as to make the roadway for public travel very narrow, hardly wide enough for two teams to pass, and that the company for a long distance along its line had dumped gravel or loose ballast by the side and beyond its tracks a space of three or four feet into the highway proper, and of a height of two or three feet. To permit a heavily loaded wagon to pass him he was obliged to

force his horse and one side of his wagon upon the pile of ballast, and in getting the horse from the pile of loose stone the accident was caused by the loose stone sliding and rolling further into the road.

The location and character of the pile of ballast, and whether it was an obstruction to public travel, were facts depending upon conflicting oral testimony, which was properly submitted to the jury.

The judgment is affirmed.