Opinion by
Henderson, J.,
There can be no doubt as to the duty of the township to construct its highways and maintain the same in a reasonably safe condition for ordinary travel. This obligation is expressly imposed by the Act of June 13, 1836, P. L. 551. The culvert at which the plaintiff’s horse was hurt was a part of the township highway. There is no complaint in regard to the plan of its construction, but there was evidence tending to establish the fact found by the jury that one of the stones used in making the cover for the culvert was “shelly,” “seamy” and “rotten”; that it was about an inch and one-half or three-fourths in thickness; subject to deterioration by the action of water and frost and unfit for the use to which it was applied. That a municipality is hable for defective construction of a part of a highway is shown by many cases. Other references need not be made than Easton Borough v. Neff, 102 Pa. *402 474, and Kennedy v. Williamsport, 11 Pa. Superior Ct. 91. Whether the culvert was constructed in a defective manner and without due regard to the safety of travelers was necessarily a question for the jury. To the practical sense and experience of that tribunal must be referred the inquiry whether the material used was suitable for the purpose.
It is not a defense that the work was done by the pathmaster instead of the “commissioners of roads and highways” who had general charge and supervision of all the roads and bridges in the township under the local Act of April 5,1844, P. L. 200. The pathmaster was appointed by t¿e commissioners and was subject to their orders. What he did under their general direction must be considered to have been done by them when the question of the responsibility of the township for the defective construction of a part of the highway arises. The township can only act through agents, and the obligation imposed by law cannot be discharged by transferring the duty to a subordinate agent. What the law commands must be done, and if the commissioners neglect to comply with this mandate the township is liable in case of a private injury even though such default arise from the mistake or inattention of the pathmaster. The sole controversy therefore is whether the question of an alleged defective construction of the culvert should have been submitted to the jury.
We do not find any error in the admission of the evidence which is the subject of the third assignment. Mr. Landmesser who had charge of the construction of the culvert testified in chief that the stone used for its cover was of good quality; that it was not shelly nor rotten; and that his attention was not called to this particular stone as being unfit for the purpose by Mr. Kinner who was working on the job with him. It was certainly competent to contradict the witness on this point for the purpose of affecting his credibility.
The judgment is affirmed.