## Wertz v. Williamsport, Appellant.

*Negligence—Municipalities—Defective sidewalk—Contributory negligence—Case for jury.*

In an action by a woman against a municipality to recover damages for personal injuries resulting from stumbling over a defective curb, the case is for the jury and a verdict and judgment for plaintiff will be sustained where the evidence tends to show that at the place of the accident the curb rose about four inches above the sidewalk and had been in such condition for at least nine years; that the accident happened between seven and eight o'clock p. m.,

May 11th; that plaintiff was looking where she was going even though she did not see distinctly because of the darkness; that she had her eyes in front of her when she stepped off; and that when she tried to avoid what she supposed to be an approaching pedestrian she was looking at the place where she fell. McIlhenney v. Philadelphia, 214 Pa. 44, distinguished.

Pedestrians are not compelled to remain off the streets of a city because it is dark, but, using the care demanded by the circumstances, they may go at any hour where business or inclination takes them, and they may assume that the municipality has performed its duty in keeping the streets in a safe condition for use both at night and during the day.

*Practice, C. P.—Motion for judgment n. o. v.—Evidence.*

In granting a motion for judgment n. o. v. it must appear that there is no conflict of evidence as to a material fact; and the plaintiff must be given the benefit of every fact and inference pertinent to the issue which the jury could legitimately find from the evidence before them.

Argued March 12, 1917. Appeal, No. 17, March T., 1917, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1915, No. 10, on verdict for plaintiff in case of Mary C. Wertz v. City of Williamsport. Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WHITEHEAD, P. J.

At the trial it appeared that on the evening of May 11, 1915, plaintiff stumbled over a defective curb of a sidewalk and fractured her thigh. The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,350. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*Mortimer C. Rhone,* City Solicitor, and *Joseph R. Straub,* for appellant.—This case is ruled by McIlhenney v. Philadelphia, 214 Pa. 44.

*G. B. M. Metzger,* with him *Chester E. Hall,* for appellee.—The case was for the jury: Gillard v. City of Chester, 212 Pa. 338; McHugh v. Kerr, 208 Pa. 225; Glading v. Philadelphia, 202 Pa. 324; Dougherty v. Philadelphia, 210 Pa. 591.

OPINION BY WILLIAMS, J., July 13, 1917:

This was an action of trespass to recover damages for an injury alleged to have resulted from stumbling over a defective curb in East Seventh street, formerly known as Wilson alley, a public highway in the City of Williamsport, between 7 and 8 o'clock p. m., on May 11, 1915.

The sidewalk is two feet wide and some ten inches of dirt intervene between it and the fence. The flagstones are uneven, and, at the point where plaintiff is alleged to have fallen, the curb rises about four inches above the sidewalk. This condition had existed for at least nine years.

Plaintiff had left her home, accompanied by her daughter, to deliver a basket of "wash" some squares to the eastward along the street. They proceeded along the roadway as there was no room to walk upon the sidewalk with the basket. On their return plaintiff walked upon the sidewalk and her daughter walked beside her along the roadway. Her fall occurred at a point sixty-three feet from Franklin street to the westward and 153 feet from St. Boniface street to the eastward. There was an electric light on the corner of the latter street, but none at the corner of Franklin street and East Seventh street, so far as the evidence discloses.

Plaintiff's testimony shows that it was too dark for her to see the footway; that she was alert for the ordinary dangers that beset the foot traveler, and even imagined danger in a shadow; that she was looking where she was going even though she did not see distinctly; that she had her eyes in front of her when she stepped off; and that when she tried to avoid what she

supposed to be an approaching pedestrian she "was looking at that place."

Defendant's witnesses testified that she fell at another place in the street; that she was walking in the roadway and stepped in a gutter and fell.

The court below left the questions of negligence and contributory negligence to the jury which found a verdict for the plaintiff. The assignments of error are to the refusal of binding instructions for defendant and of its motion for judgment n. o. v.

Was plaintiff guilty of such contributory negligence as would bar her recovery?

Appellant relies upon McIlhenney v. Philadelphia, 214 Pa. 44. The only analogy with that case appears to be that the cause of the fall was a raised curbstone. There the plaintiff intended to cross the street, but in the case at bar plaintiff was avoiding an impending collision with a supposed pedestrian approaching her along the narrow footwalk. It was as much her duty to avoid running into anyone as it was to pause and feel with her foot, or stoop and examine with her hands whether it would be safe to step aside. The duty of care under the circumstances is not entirely confined to watching the street or sidewalk with downcast eyes: McHugh v. Kerr, 208 Pa. 225, 228. Appellant fails to note that the inference might readily be drawn that Mrs. Wertz did not see because of the darkness and not because she did not look. Pedestrians are not compelled to remain off the streets of a city because it is dark, but, using the care demanded by the circumstances, they may go at any hour where business or inclination takes them, and they may assume that the municipality has performed its duty in keeping the streets in a safe condition for use both at night and during the day: Gillard v. City of Chester, 212 Pa. 338, 342. Robb v. Connellsville Borough, 137 Pa. 42, and Tolan v. Philadelphia, 35 Pa. Superior Ct. 311, cited by appellant, are cases in which the defect might readily have been seen had the plaintiff looked.

In granting a motion for judgment n. o. v., it must appear that there is no conflict of evidence as to a material fact: Dalmas v. Kemble, 215 Pa. 410, and the plaintiff must be given the benefit of every fact and inference pertinent to the issue which the jury could legitimately find from the evidence before them: Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647. Applying these principles, plaintiff's negligence under the evidence was not a matter of law for the court to determine but clearly a question for the jury.

The judgment is affirmed.