## Harris *v.* Pittsburgh, Appellant.

*Negligence—Municipalities—Defective sidewalk — Contributory negligence—Case for jury.*

In an action against a city for damages for personal injuries, the question of plaintiff's contributory negligence is for the jury, and a judgment on a verdict in his favor, will be sustained, where the evidence tends to show that plaintiff fell on a defective sidewalk early in the morning of a foggy day when it was still dark, that there were no street lights burning, and that plaintiff, according to his own testimony, walked carefully, because of attending conditions.

Argued October 1, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 100, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., Jan. T., 1925, No. 488,

on verdict for plaintiff, in case of Henry Harris v. City of Pittsburgh. Affirmed.

Trespass for personal injuries. Before McVicar, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $10,500. Defendant appealed.

*Error assigned* was refusal of judgment for defendant n. o. v., quoting record.

*Charles P. Lang,* Assistant City Solicitor, with him *Charles A. Waldschmidt,* City Solicitor, and *Benjamin L. Steinberg,* Assistant City Solicitor, for appellant.

*John A. Metz,* with him *Rody P. & Meredith R. Marshall,* for appellee.

Per Curiam, November 22, 1926:

Plaintiff was injured by falling on a defective sidewalk; he sued defendant city and recovered a verdict, upon which judgment was entered. Defendant contends plaintiff was so plainly guilty of contributory negligence that judgment should be granted against him n. o. v.

Appellant admits that "the morning of the accident was foggy and there were no street lights burning." The day was October 25, 1922, the hour 5:50 a. m., and it was still dark; plaintiff was on his way to work, and testified that, because of attending conditions, he walked carefully. On this state of the record, even though plaintiff may have had previous knowledge of the pavement, and other facts may have existed which, under different circumstances, might have told strongly against his right of recovery, or under the evidence as presented might have been accepted by a jury as indicating a lack of due care on plaintiff's part, yet his alleged contributory negligence was, as said in the opinion of the court

below, "a pure question of fact and could not have been determined......as a matter of law."

The judgment is affirmed.