Rodgers et vir, Appellants, *v.* Shaler Township.

Argued November 15, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*John B. Nicklas, Jr.,* with him *Henry S. Moore* and *McCrady & Nicklas,* for appellants.

*Samuel G. Wagner,* with him *William J. Connelly* and *Wagner & Wagner,* for appellee.

OPINION BY RENO, J., July 15, 1949:

The jury returned verdicts for appellants, husband and wife, for injuries sustained by the wife on Willow Street, Shaler Township, Allegheny County. The court below entered judgments n. o. v. for defendant, ruling as a matter of law that the township had not been negligent and that wife-plaintiff had been contributorily negligent.

Willow Street, a township road, runs north and south, and is an oil-treated cinder and dirt road, the main vehicular traveled portion of which is 15 or 16 feet wide. Parallel to it, on the eastern side, is a "rough dirt" footpath, not more than three feet wide. Between the footpath and the roadway is a storm-water drainage ditch of varying width and depth. Elm Street intersects Willow Street and near the southeast corner of the intersection is a grocery store, which faces Willow Street and is set back approximately six feet from the roadway. Along the front of the store the storm water is conducted to Elm Street under Willow Street through a 15 inch terra cotta pipe, covered with the same materials composing the highway. The pipe is 18 feet long, and extends from Elm Street southwardly to approximately the southern line of the store. The store is reached from the roadway by crossing over the buried drain pipe. In the southern end and top portion of the pipe there was a hole six or eight inches wide and extending two or three feet. The pipe had been broken about five months prior to the accident. The broken portion of the pipe was the locus of the accident.

On October 5, 1942, at about 9.10 p. m., it being then dusk, wife-plaintiff, who had recently moved into the township and had not previously traversed that portion of Willow Street, left her home south of Beach Street, about 1000 feet south of Elm Street, and walked northwardly on the footpath to the store. She left the store after having been there for about 20 minutes. Meanwhile the night had become dark, and while walking from the store to the roadway which she planned to use going home she stepped into the broken pipe and was seriously injured. She testified: "I was up to about my knee in this hole", that is, about the full diameter of the pipe or 7 inches.[1]

The township was required to keep its roads constantly in repair and "reasonably clear of all impediments to easy and convenient traveling": The First Class Township Law of June 24, 1931, P. L. 1206, §2013, 53 PS §19092-2013. "It is the duty of a township to exercise reasonable care to keep its highways in a safe condition for ordinary travel. It must anticipate and provide against danger to persons using its roads for travel conducted in the ordinary manner. It must remove obstructions and defects which would naturally or probably cause injury to those persons who might have occasion to travel upon its highways. This duty is not confined to maintaining the bed of the road in a solid and safe condition and clear of obstructions, but extends to the erection of barriers or other devices for guarding unsafe or dangerous places on or along the road. . . .": *Winegardner v. Springfield Twp.*, 258 Pa. 496, 500, 102 A. 134. However, it is under no duty to build a side walk for pedestrian traffic where there is none. It is not required, merely because it has created a highway for the benefit of vehicular traffic, to build side walks for

---

[1] The cases involving slight and trivial depressions in sidewalks upon which appellee relies obviously have no relevancy in this appeal.

pedestrians. *Koerth v. Turtle Creek Boro.*, 355 Pa. 121, 125, 49 A. 2d 398. Nor is it required to erect or maintain street lighting. *O'Rourke v. Washington City*, 304 Pa. 78, 155 A. 100. And it is not an insurer of the safety of travelers upon its streets. *Roslik v. Pittsburgh*, 155 Pa. Superior Ct. 150, 38 A. 2d 353.

These general principles are not challenged. The controversy revolves around the question whether the broken pipe into which wife-plaintiff stepped was a part of the drainage ditch or of the traveled part of the highway. Appellee contended, and the court below held as a matter of law, that "the solidly covered portion of the drain pipe may be said to form a part of the system of roads and paths, [and] the short extended pipe, whether broken or unbroken, is properly a part of the ditch, and not of the road or path." However, that was a question for the jury. It cannot be said categorically and as a matter of law that part of the pipe was ditch and part roadway. Admittedly the accident occurred within the authorized lines of the highway, and whether or not that part of the road in which the pipe was laid was intended, and was used, for pedestrian and vehicular travel was a question for the jury. Whether a defect is within the traveled way is always a question for the jury. *Martin v. Starrucco Borough*, 71 Pa. Superior Ct. 79; *Eichenhofer v. Philadelphia*, 248 Pa. 365, 93 A. 1065; *Willetts v. Butler Twp.*, 141 Pa. Superior Ct. 394, 15 A. 2d 392; *Zirkman v. Phila. & W. C. Traction Co.*, 33 Pa. Superior Ct. 85; 40 C. J. S., Highways, §281.

Moreover, there was testimony from which the jury could reasonably infer that the pipe, including the broken part, was originally covered with dirt or other road material and provided passage across the drain from the store to the roadway. Mrs. Moss, the grocery store proprietress, testified that "there was earth covering" the broken part. The husband-plaintiff, who

examined the spot immediately after the accident, testified that the dirt around the pipe was level with it except that part which had been broken: "Q. The part of the terra cotta pipe that was broken three feet long and eight inches in width on the top, was that in the ditch or not?' A. No, that couldn't be called a ditch because the dirt was formerly up around it." Indeed the secretary of the township could account for the break only "by something [i. e. a vehicle] running over the edge of it pulling into the store" and "I said it was probably done [broken] by something running over it."

On review the parties who have the verdict are entitled to the benefit of all the testimony in their favor and to all the inferences which may be reasonably deduced therefrom. From the testimony the jury could find that for a period of five months the township omitted to repair the hole caused by a broken drain pipe in that part of the road intended for and used by pedestrian and vehicular travel. A finding of negligence was thereby warranted. *Lamb v. Pike Twp.*, 215 Pa. 516, 64 A. 671; *Potter v. Natural Gas Co. of W. Va.*, 183 Pa. 575, 39 A. 7; *Grace v. Standing Stone Twp.*, 51 Pa. Superior Ct. 399.

Nor can it be declared as a matter of law that the wife was contributorily negligent. She had never previously traversed the footway. She passed the broken pipe on her way to the store, but it was dusk, and as she approached the store she swerved slightly from the footpath and turned toward the area occupied by the store and so, as she said, "didn't notice" the defect. Whether she should have discovered the broken pipe as she walked to the store was for the jury. *Butcher v. Philadelphia*, 202 Pa. 1, 5, 51 A. 330; *Smith v. New Castle*, 178 Pa. 298, 35 A. 973; *Walton v. Colwyn Borough*, 19 Pa. Superior Ct. 172.

She remained in the store about 20 minutes, and when she left the dusk had turned to darkness, "very

dark". She determined to walk home on the roadway because its surface was smoother than that of the pathway and therefore safer; and because eventually she would have been obliged to use the roadway since there was no pathway between Beach Street and her home. Besides, she wanted the benefit of the light cast by the head-lamps of approaching automobiles. There were no street lights nor lights in the windows of the store, and she could see no more than a foot in front of her. She walked slowly and cautiously the distance of six feet from the store to the roadway and, without having seen the defect in the pipe, stepped into the hole.

Whether she should have seen the danger caused by the broken pipe was for the jury. *Upperman v. Ford City Borough*, 289 Pa. 197, 137 A. 185; *Greene v. Philadelphia*, 279 Pa. 389, 124 A. 134; *Bruch v. Philadelphia*, 181 Pa. 588, 37 A. 818. Whether she should have, in the exercise of due care, undertaken to walk from the store to the roadway, an area with which she was unfamiliar, and in the dark, was also for the jury. *Aloia v. City of Washington*, 361 Pa. 620, 65 A. 2d 685; *Martin v. Starrucco Borough*, supra; *Gorman v. Philadelphia*, 82 Pa. Superior Ct. 136; *Merriman v. Phillipsburg Borough*, 158 Pa. 78, 28 A. 122; *Wertz v. Williamsport*, 67 Pa. Superior Ct. 156; *Butcher v. Philadelphia*, supra; *Harris v. Pittsburgh*, 287 Pa. 330, 135 A. 259.

The township was not required to light its streets, and the action is not based upon lack of lighting. The numerous cases relied upon by appellee, which deal with dark areas in theatres and other buildings, do not rule this case. "Pedestrians are not compelled to remain off the streets of a city because it is dark, but, using the care demanded by the circumstances, they may go at any hour where business or inclination takes them, and they may assume that the municipality has performed its duty in keeping the streets in a safe condition for use both at night and during the day": *Wertz*

*v. Williamsport*, supra, p. 159. ". . . it [the township] must provide reasonably safe ways for the public, night and day; the citizen must only exercise reasonable care in their use": *Musselman v. Hatfield Borough*, 202 Pa. 489, 492, 52 A. 15.

The judgments are reversed and are here entered for plaintiffs upon their verdicts.