**Albert A. FUNK and Ruth E. Funk, his wife, Plaintiffs,**

v.

**PEOPLES NATURAL GAS COMPANY, Defendant.**

Civ. A. 13137.

United States District Court
W. D. Pennsylvania.

Jan. 4, 1956.

Kountz, Fry & Meyer, Pittsburgh, Pa., for plaintiff.

Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this case the plaintiffs filed their complaint on February 23, 1955, and seek damages from the defendant as a result of injuries sustained by the wife plaintiff when she fell on the pipe line of defendant.

On March 31, 1955, the defendant filed a motion to dismiss this complaint alleging that the complaint failed to state a claim against the defendant upon which relief could be granted. The defendant filed Affidavits In Support Of Motion To Dismiss on October 26, and October 31, 1955. On October 28, 1955, the plaintiffs filed a counter affidavit and argument on the Motion To Dismiss was held on October 31, 1955. On November 14, 1955, the plaintiffs filed an amendment to their complaint.

From the pleadings on file it appears that plaintiffs herein are husband and wife and the defendant is a corporation who owns, operates, and maintains a gas line on the westerly side of Mount Royal Boulevard, Glenshaw, Allegheny County, Pennsylvania. The plaintiffs charge that the wife plaintiff was proceeding across Mount Royal Boulevard and at the intersection of same with Ellen Street fell due to the pipe line belonging to the defendant corporation being exposed and protruding from the ground and as a result was injured. Plaintiffs charge that the defendant corporation was negligent in failing to properly install and maintain its pipe line, in failing to bury its pipe line as required by law, and in failing to cover the pipe line and allowing it to be exposed and to protrude above the ground.

The defendant has not filed an answer to this complaint but has moved to dismiss same. In its Motion To Dismiss it charges that the complaint states that the plaintiff fell because of the unsafe, uneven, and unfootworthy condition of the highway.

However, this is not what the plaintiffs have charged in their amended com-

plaint. The pertinent part of the complaint reads as follows:

"On August 10, 1954, at about 10:30 P. M., wife plaintiff, in the exercise of due care, walked across Mount Royal Boulevard in a westerly direction. When she came to a point west of Mt. Royal Boulevard and south of Ellen Street near the intersection aforesaid, because of the dangerous and unsafe condition existing at that intersection, in that the pipe belonging to defendant corporation was exposed and protruded from the ground, she was caused to fall. She stepped on and fell over, on and upon defendant corporation's gas pipe line aforesaid, which at that time and place was exposed and protruded above the ground. Wife plaintiff, in so falling, struck the exposed pipe aforesaid and was severely, painfully, and permanently injured."

The plaintiffs charge that the defendant was negligent in the following respect:

"Defendant corporation failed to cover the gas line or gas pipe aforesaid, but instead allowed it to be exposed and to protrude above the ground, in violation of good safety practices, statutes of the Commonwealth of Pennsylvania and local ordinances."

"Defendant corporation failed to maintain the ground over, around, and above the gas pipe or gas line aforesaid in a safe, even, level, and footworthy condition, although defendant corporation, by its agents, servants and employees well knew that the aforesaid unsafe condition constituted a hazard to wife plaintiff and to other lawful pedestrians at or near the intersection aforesaid, there being no sidewalk at that point."

"Defendant corporation failed to protect and to warn wife plaintiff and others against the unsafe condition aforesaid."

"Defendant corporation failed to install and to maintain its pipe line at that time and place properly and safely, in that it failed to bury the same beneath the surface of the ground as it is required by law, regulations of the State Highway Department, and good safety practice to do."

The affidavits filed by the defendant do not appear to contradict the allegations contained in the complaint.

The issue as we see it is whether one may recover from a gas company for injuries sustained by the plaintiff resulting from a fall over the gas company's pipe line which was located within the boundaries or close to the boundaries of a public highway and which pipe line was exposed by the negligence of the gas company.

■ Where a Motion To Dismiss for failure to state a claim is filed:
"* * * a complaint should not be dismissed for insufficiency unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Vol. 2 Moore's Fed.Practice § 12.08.

■ Certain matters outside the pleadings have been presented to the Court and in such case the Motion To Dismiss shall be treated as one for summary judgment and disposed of as provided in Rule 56. Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. However,
"Upon a motion for summary judgment, it is no part of the court's function to decide issues of fact, but solely to determine whether there is an issue of fact to be tried.
"* * * All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for a summary judgment." Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1018.

■ There appears to be an issue as to whether the defendant negligently per-

**628**

mitted its pipe line to be exposed. The defendant by its motion alleges this pipe line is on a public highway and, therefore, it cannot be liable for any injuries sustained as a result of its location there. This, however, does not appear to be the law of Pennsylvania and which law must govern this case.

It appears that this pipe line was installed under authority granted by the Act of May 29, 1885, P.L. 29, 15 Purdon's Pa.Stat.Ann. § 2031. However, "* * * any company laying a pipe line under the provisions hereof shall be liable for all damages occasioned by reason of the negligence of such gas company". Act of 1885, supra.

The Act also provides that:

"The right to enter upon any public lane, street, alley or highway for the purpose of laying down pipes, altering, inspecting and repairing the same, shall be exercised in such way as to do as little damage as possible to such highways, and to impair as little as possible the free use thereof, subject to such regulations as the councils of any city may by ordinance adopt." Act of May 29, 1885, P.L. 29, 15 Purdon's Pa.Stat. Ann. § 2035.

The Supreme Court of Pennsylvania has stated:

"Though the act of May 29, 1885 (P.L. 29), permits a natural gas company to lay its pipes 'upon and over, under and across' public roads, permission is not given to such company to so lay its pipes as to make travel over public highways unsafe * * *." Lamb v. Pike Township, 1906, 215 Pa. 516, 517, 64 A. 671, 672.

 The plaintiffs charge that this is what the defendant has done. They seek damages as a result of injuries sustained to them stemming from the defendant's actions. Where a gas company negligently maintains an obstruction, dangerous to travel, in a road recovery may be had. Blassotti v. Greensboro Gas Co., 1932, 105 Pa.Super. 403, 162 A. 178.

Defendant urges in its briefs and at the argument that the pipe line became exposed by the passage of traffic on the highway. Whether this be true or not such facts are not before the Court and the issue of how the pipes became exposed is one of fact and should be resolved by the jury at the time of the trial of this case and not by the Court on a Motion To Dismiss. Accordingly, an Order will be entered denying the defendant's Motion To Dismiss.