Daniel **FORTUGNO**

v.

Harry B. **TRACHTENBERG**, M. D. and Community Memorial Hospital.

Civ. A. No. 30261.

United States District Court
E. D. Pennsylvania.

Feb. 23, 1962.

Edwin P. Rome, Philadelphia, Pa., for plaintiff.

Perry S. Bechtle, Philadelphia, Pa., for defendant, Harry B. Trachtenberg, M. D.

Howard R. Detweiler, Philadelphia, Pa., for defendant, Community Memorial Hospital.

CLARY, Chief Judge.

The matter is before the Court on a motion of defendant, Community Memorial Hospital, to dismiss for failure to state a claim upon which relief can be granted. Jurisdiction of the Court is based upon diversity of citizenship. The suit is one for personal injuries claimed to be sustained as a result of the negligence of the defendant, Community Memorial Hospital, and the operating surgeon during the performance of an operation upon the plaintiff.

The ground for the motion to dismiss is based upon the allegation that defendant, Community Memorial Hospital, is a charitable institution and under the law of Pennsylvania, the controlling law in this action, is immune from suits for negligence.

Both parties to this motion have adduced facts in support of their respective positions. The allegation on behalf of the Community Memorial Hospital is that it is a charitable institution. This averment has been categorically denied by the plaintiff. It would appear, therefore, that the holding of the Court of Appeals for the Third Circuit in the case of Frederick Hart & Co., Inc. v. Recordgraph Corporation, 169 F.2d 580 (1948), and following cases, would present an insurmountable barrier to the granting of this motion which, in effect, under the present status of the record, is to be considered as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, Title 28 U.S.C.A., Funk v. Peoples Natural Gas Co., 137 F.Supp. 625 (W.D.Pa.1956). However, at argument, counsel for the plaintiff conceded that every relevant fact, except the amount of liability insurance protecting the hospital at the time of the incidents complained of, has already been established of record, and the only additional facts which might be developed in the future would necessarily have to be the result of a "fishing expedition", and that plaintiff had no present knowledge or conception that any further helpful facts would ever be available to him. It was further generally conceded by both plaintiff and defendant, Community Memorial Hospital, that a single question was involved in the disposition of this motion, to wit, whether the determination of the status of the hospital was a question of fact to be submitted to the jury or a question of law to be decided by the Court. The plaintiff argued that even admitting the existence of the doctrine of charitable immunity under Pennsylvania law, under the facts in the instant case, defendant does not qualify as a charity entitled to that immunity. The pleadings, affidavit and depositions established the following undisputed facts:

1. The defendant is a nonprofit corporation, incorporated under the Non-Profit Corporation Law of Pennsylvania, on September 1, 1955. The defendant has no stockholders.

2. The defendant is a forty-six bed hospital serving seven townships in a rural section of Chester County.

3. The hospital was built at a cost of $1,200,000, of which $600,000. was raised by gifts from the public at large. The mortgage has since been reduced to approximately $207,000., again by public donations.

4. The hospital has continued to seek gifts from the public of money, equipment and food. The Community Chests of various communities served by the hospital aid it in its financial needs by donating money. The ladies in the community have conducted various activities in order to raise funds for the hospital.

5. All of the funds received by the hospital are used solely in the maintenance of the hospital.

6. Patients who are unable to pay are treated free of charge in both the accident ward and the hospital itself.

7. From the time it began operations on June 9, 1959, through the period ending September 30, 1961, the defendant admitted a total of 9,214 persons. Of this total, 158 were qualified as indigent patients, and the rest were admitted as either private, semiprivate, or ward full pay. For treating these indigent pa-

tients, the hospital received from the State $10,410.32, and $162.40 from the patients themselves. The services rendered to the indigent patients were valued at $13,799.00.

8. The County gives the hospital $5,000 each year, in addition to State aid, regardless of the number of patients treated.

9. The defendant has a tax-exempt status under the Federal Income Tax law.

10. The hospital's financial report for the fiscal period ending May 31, 1961, shows an accounting surplus of $75,-250.00 and a current assets to current liabilities ratio of almost 2.5 to 1.

11. The hospital's financial statement also shows that its total income was $3,529.32, short of its cost of maintenance.

12. Only members of the hospital staff are permitted to use the facilities, and nonmembers must surrender the care of a patient to a member of the staff.

13. The members of the staff of the hospital have use of all of its services, which include: nursing services, supplies, X-ray equipment and operators, fluoroscopy, anesthesia, electrocardiograms, operating rooms and equipment, and an operating nursing staff. For these services the staff members pay nothing to the hospital.

14. Article 3 of the Articles of Incorporation provides that, "The purpose or purposes of the corporation are: To establish, maintain, operate and manage a general hospital for the reception and surgical and medical treatment of the injured and sick. Provided, however, that all such treatment be limited to properly qualified physicians and surgeons and that this is a corporation which does not contemplate pecuniary gain or profit incidental or otherwise, to its members."

15. The hospital has liability insurance coverage.

■ As stated by Chief Judge Gourley in Allison v. Mennonite Publications Board, 123 F.Supp. 23 (W.D.Pa.1954), the mere fact that a defendant may be a nonprofit corporation does not necessarily mean that it is also charitable; although charitable corporations must be nonprofit, it does not follow that all corporations which are nonprofit must be charitable. He cites examples such as Blue Cross and Blue Shield, lodges and beneficial associations, and even country clubs which, in most cases, are nonprofit corporations but are not considered as charitable. The determining factor in this case, therefore, is whether under Pennsylvania law the Community Memorial Hospital is a "charity." 1 Fletcher Cyclopedia Corporations at page 270, defines, in part, a charitable corporation in the following language:

"One whose principal aim is to give of its material substance or time to benefit those who are in need of such assistance, or will be benefited by such gift or expenditure in some other way than simply by an improvement of morals or bringing them under the influence of the gospel. This need not be and is not always its sole aim. Subordinately and incidental to its main object, it may take pay for services or merchandise. It may even have stock, though it cannot be a stock corporation for profit.

"Corporations organized for 'charitable or benevolent' purposes, within the meaning of a statute, include all corporations organized, not for private gain or profit, but for the administration of charitable trusts, such as hospitals and asylums for the sick, insane and poor, and colleges or schools for the promotion of piety or learning, and libraries * * *."

■ If the Community Memorial Hospital comes within the definition of a "charity", it is well settled in Pennsylvania that it is not liable for the torts of its agents, servants or employees. Fire Insurance Patrol v. Boyd, 120 Pa. 624, 15 A. 553, 1 L.R.A. 417 (1888); Gable v. Sisters of St. Francis, 227 Pa. 254, 75 A. 1087 (1910); Bond v. Pitts-

burgh, 368 Pa. 404, 84 A.2d 328 (1951); Michael v. Hahnemann Medical College & Hospital, 404 Pa. 424, 172 A.2d 769 (1961).

Plaintiff attempts to overcome the effect of the above decisions by arguing that since a vast majority of the work done by the Sisters of St. Francis was free to the patients, in Gable, supra, the Pennsylvania Supreme Court has set up certain standards which require that absent a substantial percentage of "free treatment", the question of what constitutes a charity becomes one of fact and not of law and justifies submission of that question to the trier of the facts, the jury.

This contention might have some plausibility if it were not for the most recent affirmance of the doctrine of immunity of hospitals from tort actions by the Supreme Court of Pennsylvania in Michael v. Hahnemann Medical College & Hospital, supra. Mr. Chief Justice Jones, in the majority decision, left no doubt that the doctrine of charitable immunity with respect to hospitals has been so firmly engrafted upon the law of Pennsylvania that it will require an Act of the Legislature to abrogate that immunity.

■ The above undisputed facts leave no doubt in the mind of the Court that defendant hospital is a charity within the legal test as set out by the Pennsylvania Supreme Court.

In Fire Insurance Patrol v. Boyd, supra, the Court said:

"The true test of a legal public charity is the object sought to be attained; the purpose to which the money is to be applied; not the motive of the donor."

This statement of law disposes of the contention of the plaintiff in drawing an analogy of the defendant hospital with a country club. Plaintiff has argued that, as this hospital was founded and built to serve the needs of the community, so is a country club founded and established to meet the social needs of the community.

The analogy is so strained as not to require extended discussion. It certainly is not applicable.

■ Plaintiff also asserts that since nearly all of the hospital patients pay for the services which they receive, except about 4.4% of the total patients who are classified as indigent and the hospital is reimbursed by the State of Pennsylvania, the hospital is, in effect, a business. The same contention was rejected summarily in Gable and reaffirmed in Michael.

■ A further argument on behalf of the plaintiff to defeat summary judgment is that once the hospital has protected itself by liability insurance, it has publicly recognized its own responsibility as a non-charitable organization and is estopped from asserting it in this motion.

A similar contention was discussed in Selkow et al. v. City of Philadelphia and Temple University, C.A. No. 29230, decided January 10, 1962, by Judge Freedman of this Court, 201 F.Supp. 221, and was summarily rejected.

■ A final plea of the plaintiff that decision be withheld until time of trial in the hope that the Supreme Court of Pennsylvania *might* in the intervening time rescind the doctrine of charitable immunity for hospitals, was likewise summarily rejected by Judge Freedman. Coupled with this plea was the plaintiff's plea that in any event, it could do the hospital no harm and "why not just let the matter rest and see what the future would bring in this area of negligence law." This argument was answered at argument by the assertion by counsel for the hospital that the hospital had net assets of approximately $1,400,000; that it is a relatively small hospital which the residents of the community are trying to improve and expand; that the ad damnum clause in this action is $1,000,000 and that with a potential legal liability of $1,000,000 outstanding, any efforts to improve, expand or even maintain the hospital might well be frustrated by the continuance of the action, invok-

ing in support of this argument the language of the Supreme Court in Gable, supra.

Under the undisputed facts, the Court is of the opinion that these facts establish as a matter of law the Community Memorial Hospital to be an eleemosynary institution, a charity under Pennsylvania law, and that as such charity it is immune to suits for negligence of its agents.

The Court is of the opinion that there is no disputed question of fact involved which would require submission of that question to the jury and, therefore, in treating the motion to dismiss as one for summary judgment will grant judgment in favor of the defendant, Community Memorial Hospital.