Shull et ux., Appellants, *v.* Schwartz.

Argued April 21, 1950. Before Drew, C. J., Stern, Stearne, Jones and Bell, JJ.

*Edwin Hall, 2nd,* with him *Harry J. Alker, Jr.,* for appellants.

*Philip H. Strubing,* with him *Evans, Bayard & Frick,* for appellee.

Opinion by Mr. Justice Allen M. Stearne, May 22, 1950:

This appeal is by the plaintiffs from the entry of judgment for the defendant upon a jury's verdict and the refusal of the court below to grant a new trial.

The plaintiffs are husband and wife. The defendant is a practicing surgeon. Defendant operated upon the wife-plaintiff, who was his private patient, in a public hospital. The operation was successful. Later, a hospital intern was directed to remove the stitches. Such service constituted part of the post-operative treatment of the patient. The stitches were not removed by the intern in the presence of or under the supervision of defendant. Nine days after the operation the patient was discharged from the hospital and returned to her home. She continued to feel pain and was uncomfortable and was taken for examination to defendant's private office. It was then discovered that two stitches had not been removed by the intern from the incision. Defendant removed the stitches and dressed the wound.

The patient becoming dissatisfied, employed another physician who thereafter professionally treated her.

Suit was instituted against the surgeon. Two questions were presented: (1) Were the two stitches left in the incision as a result of defendant's negligence. (2) Did the stitches cause the infection to the plaintiff's damage.

This Court answered the first question in the negative. In *McConnell v. Williams,* 361 Pa. 355, 65 A. 2d 243, Mr. Justice HORACE STERN said, p. 364: "... a surgeon's liability [does not] apply, *after the operation is concluded,* to treatment administered by floor nurses and internes in the regular course of the services ordinarily furnished by a hospital; as to all such care and attention they would clearly be acting exclusively on behalf of the hospital and not as assistants to the surgeon."

Even though the intern had been negligent in postoperative treatment, where the surgeon did not personally participate therein, the surgeon cannot be held liable.

While, for the foregoing reasons, there is no liability on the part of defendant, it may be noted that the testimony was conflicting concerning the negligence of the intern. The charge of the court was adequate. Counsel for plaintiff specifically stated that he had no exception to the charge. The verdict of the jury was for defendant, and as there were no errors of law in the conduct of the trial, there would have been no valid reason for granting a new trial.

Judgment affirmed.