Elmer and Elizabeth **MENARDI**, Husband and Wife

v.

**THEA. JONES EVANGELISTIC ASSOCIATION**, Inc.

Civ. A. No. 21828.

United States District Court
E. D. Pennsylvania.

July 16, 1957.

Albert Schlessinger, Philadelphia, Pa., for plaintiffs.

Labrum & Doak, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The defendant is a charitable corporation organized under the laws of Tennessee, holding a Certificate of Authority to transact business in Pennsylvania and having an office in Philadelphia. On August 27, 1955, it sent a truck driven by one of its employees into New Jersey for the purpose of purchasing electrical equipment for its church in Philadelphia. While in the state of New Jersey, the truck collided with the plaintiffs' car and injured the plaintiffs, who now sue, alleging negligence.

Both sides agree that the Pennsylvania conflict of laws rule applies and, therefore, that the rights and liabilities arising out of an accident occurring in a foreign state will, in ordinary cases, be governed by the law of that state. The exception is stated in the Restatement of the Law, Conflict of Laws, Sec. 612, as follows: "No action can be maintained upon a cause of action created in another state the enforcement of which is contrary to the strong public policy of the forum."

The law of New Jersey denies immunity from tort liability to charitable institutions in a situation of this kind. The law of Pennsylvania grants it. It seems to me that no one can read the opinion of Mr. Justice Stern, speaking for the Supreme Court of Pennsylvania in Bond v. City of Pittsburgh, 368 Pa. 404, 84 A.2d 328, without being convinced that the public policy of Pennsylvania which is the foundation of the rule is a strong one, founded upon the social philosophy of the state as well as practical considerations. The basic consideration of protection of trust funds from dissipation applies equally whether the tort is committed in the state of Pennsylvania or in any other state.

The motion to dismiss is granted.