**Donna E. WEEKS, a minor, by her parent and natural guardian, Harry Weeks**

v.

**CHILDREN'S HOSPITAL OF PHILA-DELPHIA**

and

**Jesse T. Nicholson.**

**Civ. A. No. 26652.**

United States District Court
E. D. Pennsylvania.

Nov. 29, 1961.

Robert J. Spiegel, Philadelphia, Pa., for plaintiff.

White & Williams, Philadelphia, Pa., for Children's Hospital.

Philip H. Strubing, Philadelphia, Pa., for Jesse T. Nicholson.

VAN DUSEN, District Judge.

Plaintiff has brought this action for personal injuries, allegedly caused by negligent medical treatment, against the treating physician and the hospital in which the plaintiff was a patient. The negligence resulting in injury is alleged to have been caused by the "agents, servants and employees" of the defendants.

In its Answer (Document No. 4), defendant Children's Hospital alleges that it is an eleemosynary institution and was engaged solely in charitable operations at the time of the occurrence in controversy. These allegations are admitted by plaintiff, but a further allegation of Children's Hospital, namely, that the above facts are a full and complete defense to the claim, is denied by plaintiff (see Document No. 9). Defendant Children's Hospital has moved for judgment on the pleadings on the ground that the above facts constitute a complete defense to the action. That Motion (Document No. 11) is presently before the court.

Pennsylvania law is applicable here and the decisions of the Pennsylvania Supreme Court clearly support the defense of defendant Children's Hospital. That court has declared on many occasions that charitable institutions are not liable for actions in tort under facts similar to those in the present case. The latest decision on this point is Michael v. Hahnemann Medical College and Hospital of Philadelphia, 404 Pa. 424, 172 A.2d 769 (1961).[1]

Plaintiff does not deny that the law of Pennsylvania is as stated above. Her defense to the Motion For Judgment on the Pleadings is based on an argument alleging that the Pennsylvania law is unconstitutional. The immunity from liability which is granted to charitable institutions under Pennsylvania judicial decisions is asserted to be a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution.[2]

---

1. This doctrine has also been followed by this court when applying Pennsylvania law. See, e. g., Tomlinson v. Trustees of University of Pennsylvania, 164 F. Supp. 353 (E.D.Pa.1958), appeal dismissed, 266 F.2d 569 (3rd Cir. 1959).

2. Plaintiff admits in her brief (Document No. 16, at p. 4) that this court should not be concerned with the propriety of this state rule unless the rule itself impinges on a Federal Constitutional guarantee. At page 7 of the Hospital's Reply Brief (Document No. 17), authorities are collected showing that substantive rules of state law can be abolished without violating the Fourteenth Amendment, even though property rights are destroyed by such changes in state law. Cf. New York Central R. R. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L. Ed. 667 (1917); Arizona Employers'·

In order to be violative of the equal protection clause of the Fourteenth Amendment, a state law must be shown to be without any reasonable basis and to be purely arbitrary. Morey v. Doud, 354 U.S. 457, 463, 77 S.Ct. 1344, 1 L.Ed. 2d 1485 (1957). The burden of showing the essential arbitrary nature of said law is on the party assailing the classification. Morey v. Doud, supra.

Plaintiff has not sustained her burden of proving that Pennsylvania has denied her due process of law and the equal protection of its laws because its courts exempt charitable institutions from the doctrine of respondeat superior in tort cases such as the instant one.

Even if a state law discriminates in favor of a certain class, the law is not arbitrary and violative of the equal protection clause if the discrimination is founded on a reasonable distinction. Tax Commissioners v. Jackson, 283 U.S. 527, 51 S.Ct. 540, 75 L.Ed. 1248 (1931). The Supreme Court has found laws based on various distinctions constitutional.[3] Cf. Helvering v. Bliss, 293 U.S. 144, 149–151, 55 S.Ct. 17, 79 L.Ed. 246 (1934).

This court can find no reason to declare this Pennsylvania rule so arbitrary as to be a violation of due process of law. The law, although classifying charitable institutions differently from other institutions, is founded on a reasonable basis. Charities are separately classified for tax purposes in Pennsylvania,[4] as well as other states, and the Federal Government has passed tax laws containing preferential treatment for them. The same rationale which supports the above classifications supports the distinction under Pennsylvania law in the rule now before the court.

The state has the power to provide for the health of its citizens. Non-profit hospitals which are supported in large measure by state funds bear a close relationship with this power. The health of the state's citizens might properly be considered in possible jeopardy if these charitable hospitals were made liable under the doctrine of respondeat superior for tort injuries caused by their servants.[5]

Plaintiff has not shown that this Pennsylvania rule is arbitrary and an unreasonable classification.[6] This court may not, therefore, declare it to be violative of the Fourteenth Amendment to the United States Constitution.

The Motion for Judgment on the Pleadings will be granted.[7]

### Order.

And Now, November 29, 1961, it is expressly determined under F.R.Civ.P. 54(b), 28 U.S.C. that there is no just

Liability Cases, 250 U.S. 400, 39 S.Ct. 553, 63 L.Ed. 1058 (1919); Fearon v. Treanor, 272 N.Y. 268, 5 N.E.2d 815, 109 A.L.R. 1229 (1936), appeal dismissed, 301 U.S. 667, 57 S.Ct. 933, 81 L.Ed. 1332 (1937).

3. E. g., distinction between chain stores and other stores [Tax Commissioners v. Jackson, supra]; distinction between aliens who have and have not declared their intention to become citizens [Terrace v. Thompson, 263 U.S. 197, 44 S.Ct. 15, 68 L.Ed. 255 (1923)]; distinction between argicultural and other economic pursuits [Tigner v. State of Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124 (1940)].

4. See Pennsylvania Constitution, Art. 9, § 1, P.S., and 72 P.S. § 3402–303.

5. Defendant Hospital, in its Reply Brief, alludes, for instance, to the liability insurance which the hospitals would have to procure, the additional expense involved both to the institutions and the state, the likely raise in hospital rates to help cover the additional expense, and the resulting withdrawal of opportunity to service many members of the community in the event of a change in the present rule.

6. Plaintiff's statement in the Supplemental Brief (Document No. 18) that what is being done as a practical matter is to take property from one and forcibly donate it to another is involved whenever tax or other preferential economic treatment is given to a non-profit corporation.

7. The briefs of counsel have been placed in the Clerk's file as Documents Nos. 15 to 18.

reason for delay [8] and it is ordered that final judgment be entered in favor of the defendant, the Children's Hospital of Philadelphia, and against plaintiff, Donna E. Weeks, a minor, by her parent and natural guardian, Harry Weeks, with prejudice.

---

8. If the conclusion reached in the foregoing Memorandum Opinion is incorrect, a prompt ruling by the United States Court of Appeals will permit one, rather than two, trials. Without the above determination, a second trial against the defendant hospital might be required many years after the events covered by the Complaint took place. Cf. Shull v. Schwartz, 364 Pa. 554, 73 A.2d 402 (1950).