Maxine **SELKOW**, a minor by her parents and natural guardians, Isadore Selkow and Edith Selkow, and Isadore Selkow and Edith Selkow in their own right

v.

**CITY OF PHILADELPHIA**
and
**Temple University.**
Civ. A. No. 29230.

United States District Court
E. D. Pennsylvania. •

Jan. 10, 1962.

John F. Naulty, Philadelphia, Pa., for plaintiffs.

John M. McNally, Jr., Philadelphia, Pa., for defendant City of Philadelphia.

Michael H. Malin (of White & Williams), Philadelphia, Pa., for defendant Temple University.

FREEDMAN, District Judge.

Temple University has been sued for damages for negligence in the maintenance of a public sidewalk. The City of Philadelphia, which was named as a co-defendant, has cross-claimed against the University on the ground that it is primarily liable.

The University has moved for summary judgment against the plaintiffs and the cross-plaintiff on the claim that it is immune from liability for its negligence. It is conceded as a fact that Temple University is an eleemosynary institution and ordinarily would be exempt from tort liability under the doctrine of charitable immunity.[1] It is urged, however, that the University may be liable because it is fully insured. But the principle of charitable immunity is in full sway in Pennsylvania where it has been repeatedly declared that immunity of a charity is not lost because it is insured against liability.[2]

The Pennsylvania rule has been enforced in this District in a series of cases, the latest of which is that of Judge Van Dusen in Weeks v. The Children's Hospital of Philadelphia et al., 200 F.Supp. 77 (1961).[3]

The novel argument is also advanced that the current of change in the judicial view throughout the country now is running so strongly that we should refuse the motion for summary judgment in the expectation that by the time this case is reached for trial the Supreme Court of Pennsylvania will have overthrown the existing doctrine of immunity. To this is added the hope, born of dissatisfaction with the University's present motion, that by the time of trial the University itself will have decided to waive its immunity.

The expectation of a decisional change in the Pennsylvania rule appears to be groundless in view of the Supreme Court's most recent reaffirmance of it after full reconsideration in Michael v. Hahnemann Medical College & Hospital of Phila., 404 Pa. 424, 172 A.2d 769 (1961). But in any event, we cannot stay the judicial process here because of the belief by one of the parties that a change will occur in the Pennsylvania law so recently and authoritatively pronounced, which is binding upon us in this diversity case. Nor can we suspend the remedy of a motion for summary judgment, established to obtain the expeditious decision of cases where no substantial issue of fact is open for trial, because a party feels that during the ensuing delay the position taken by his adversary may change. We cannot make of the time which elapses while a case remains on the trial list a *locus penitentiae* for the insured charitable institution.

1. Requests for admission to this effect have not been denied.

2. Michael v. Hahnemann Medical College & Hospital of Phila., 404 Pa. 424, 435, 172 A.2d 769 (1961); Bond v. City of Pittsburgh, 368 Pa. 404, 415–416, 84 A. 2d 328 (1951); Siidekum, Admr. v. Ani-

mal Rescue League of Pittsburgh, 353 Pa. 408, 417, 45 A.2d 59 (1946).

3. Tomlinson v. Trustees of University of Pennsylvania et al., 164 F.Supp. 353 (E.D.Pa.1958); Menardi v. Thea. Jones Evangelistic Association, Inc., 154 F. Supp. 622 (E.D.Pa.1957).

In these circumstances, whatever our view may be on the merits, we are bound by the very recent reaffirmation of the law by the Supreme Court of Pennsylvania. We therefore must grant the motion for summary judgment.

Accordingly we enter the following

### ORDER.

AND NOW, January 10, 1962, the motion of Temple University for summary judgment against the plaintiffs, Maxine Selkow, a minor by her parents and natural guardians, Isadore Selkow and Edith Selkow, and Isadore Selkow and Edith Selkow in their own right, and against the cross-plaintiff, City of Philadelphia, is granted.